EDWARD HUTCHINGS *versus* BUCK.
EDWARD HUTCHINGS, Jr. *versus* SAME.

An agreement under seal to withdraw an action from the court, is not rescindable by one of the parties alone.

Where, in pursuance of such an agreement, the entry of " neither party," has been made on the docket, the suit is discontinued and the jurisdiction of the court over it is at an end.

Though the same agreement also contains a submission of the action, and the referee afterwards dies, before having acted upon the matter, still there is no authority in the court to recall and restore the action to the docket.

THESE actions were pending in 1849 in this court, and were referred, by a written agreement under seal, to two individuals.

In the agreement to refer, was a stipulation that the actions in court should be entered "neither party." At the next regular term of the court, in July, A. D. 1849, those entries were made.

Before the adjourned term of the same court, in August of same year, William Abbot, Esq., one of the referees, who was in full life when the agreement to refer was entered into, and when said docket entries were made, deceased. For that reason, at said adjourned term, a motion was made to strike off said entries, and to let the actions stand for trial.

The motion was allowed, and the defendant excepted.

*J. Appleton*, for the defendant.

*Kelley*, for the plaintiffs.

The referee died *during the term*, in which the entries of "neither party" were made. The entries may, therefore, be stricken off. The contract of submission could not be executed. Things then stood as before.

Where parties have substituted another *available* tribunal, instead of the courts of law, the arrangement is not rescindable. But in this case, Providence, *not the plaintiffs*, has rendered the arrangement unavailable.

It is every day's practice to take off nonsuits. These entries are of no higher sanctity, than that of a nonsuit.

Courts, for reasons shown, may strike out a reference altogether. The order, restoring the actions, was wholly at the discretion of the presiding Judge ; to such orders, exceptions cannot be alleged. It avoids circuity of action, and operates no injustice, for the defendant loses nothing by it.

WELLS, J., orally. — Upon examination it appears very clear, that when there has been an agreement under seal to take an action out of court, otherwise than by rule of court, and such an entry has been made, no further jurisdiction can attach to it here. The effect of such an agreement to refer, is a discontinuance of the suits. The authorities cited go to that extent. The actions have been discontinued by the agreement of par-

ties. The entry was rightfully made, and if it had not yet been made, it would have to be made, pursuant to such sealed agreement.