PATRICK ANDERSON *vs.* JOHN GREGORY.

43   61
61  443

43   61
76  531

The right of a plaintiff to withdraw his suit or to be non-suited, at any time before the issue is decided, is not affected by the fact that the defendant has filed a plea of set-off and claims judgment for a balance in his favor.

Where, after the filing of such a plea, and the non-suiting of the plaintiff, the court rendered judgment for the defendant for a balance claimed by him, it was held that the judgment was no bar to a suit afterwards brought by the plaintiff upon his original claim.

ASSUMPSIT for work done; brought to the Court of Common Pleas of Fairfield County.  The writ was dated December 10th, 1874, and claimed three hundred dollars damages.

The defendant pleaded the general issue, and also a special plea in bar, alleging that the plaintiff, at the term of the same court holden in June, 1874, brought a suit against the defendant upon the same cause of action, that the defendant pleaded in said suit that the plaintiff was at the commencement of said suit and still remained indebted to him for goods sold and delivered in the sum of fifty dollars over and above any just claim of the plaintiff against him, which sum the defendant claimed to recover of the plaintiff and prayed judgment therefor; that at the same term of said court, and after the filing of said plea, the plaintiff was called and failed to appear and was non-suited, and that after such non-suit of the plaintiff the court rendered judgment for the defendant to recover of the plaintiff the sum of $34.87 damages and $20.91 costs, which judgment remained in full force.

The case was tried to the court before *Lockwood, J.*

Upon the trial the defendant proved the allegations of his special plea and claimed that the judgment so obtained by him was conclusive upon the plaintiff and a bar to his recovery in the present action.  The court however ruled otherwise and rendered judgment for the plaintiff.

The defendant moved for a new trial for error in this ruling of the court.

*W. H. Noble* and *W. K. Seeley,* in support of the motion.

1.  The judgment pleaded in bar is not one of non-suit, but

a judgment upon an issue specially provided for by statute, and to which the defendant becomes entitled upon filing his plea of set-off and claiming judgment for the balance due him. Gen. Statutes, Rev. 1875, p. 424, sec. 13.

2. Under the statutes of set-off the defendant becomes, as to his counter claim, a plaintiff, with all the rights of a plaintiff, and his plea is treated as a new declaration. The plaintiff, by withdrawing his appearance, may be defaulted as to this claim of the defendant, but he can not, merely by being defaulted, defeat the claim. Gen. Statutes, *supra;* 1 Chitty Pl., 575; Babington's Law of Set-off, 83; 1 Swift Dig., 713; Chitty on Cont., 856; *Laing* v. *Chatham,* 1 Camp., 252; *Dowsland* v. *Thompson,* 2 W. Bla., 910.

3. The two suits being identical in parties and causes of action, the matter involved in the first suit has become *res adjudicata,* and the judgment in the first bars the second. An opposite judgment in the same suit would have barred the defendant; yet as an estoppel must be mutual, this could not be if the present judgment does not bar the plaintiff.

*I. M. Bullock,* contra.

A dismissal or non-suit, not determining the rights of parties, cannot support the plea of *res adjudicata.* "A non-suit is but the blowing out of a candle, which a man at his own pleasure may light again." Under no circumstances will such a judgment be final. Freeman on Judgments, § 261; March on Arbitraments, 215; *Morgan* v. *Bliss,* 2 Mass., 113; *Clapp* v. *Thomas,* 5 Allen, 158; *Homer* v. *Brown,* 16 How., 354.

PARK, C. J. A statute has been in existence in this state since 1650 which provides that a plaintiff in any action may withdraw the same, or become non-suit, at any time before the jury shall have rendered their verdict in the cause; in which case he shall pay cost to the defendant, if the defendant has entered appearance in the case. Gen. Statutes, Rev. of 1875, p. 418, sec. 13.

This statute applies as well to actions brought for the recovery of debts, in which mutual debts may be set off, as it does

to actions where such right of set-off does not exist. The language of the act is general—the plaintiff "in any action" may become non-suit, &c. All the penalty incurred by the plaintiff is the payment of cost to the defendant, if he has appeared in the case.

What ground then is there for the claim that the proceedings in the former action between the present parties, render the plaintiff's claim in the present suit *res adjudicata?* The plaintiff in that action suffered a non-suit. He abandoned his case, and went out of court, and the further proceedings in the case were had upon the *ex parte* motion of the defendant. He assumed to represent and control, not only his own claim against the plaintiff, but the plaintiff's claim against him, when that claim had been withdrawn from the consideration of the court. It was no longer before the court to be passed upon, and consequently what was done in respect to it was extra-judicial.

The claim of the defendant substantially is, that the statute which has been cited does not apply to actions brought for the recovery of debts in which the defendant has filed a special plea in bar claiming a balance of indebtedness in his favor. He insists that when such a plea is entered in a plaintiff's case, it operates as an action brought by him against the plaintiff, in which the plaintiff takes the position of an ordinary defendant; and that consequently the non-suit, or disappearance of the plaintiff, has the effect of a default in the defendant's proceeding against him. This is true so far as the relative position of the parties is concerned, in respect to the defendant's claim, when the same is controverted; but the plaintiff still remains plaintiff in respect to his own claim. And even if the non-suit of the plaintiff could be regarded as a default in the defendant's proceeding, how could such default affect the plaintiff's claim, which is the matter in controversy in the present suit? Such default would only entitle the defendant to take judgment to the amount of his claim, leaving the plaintiff's claim withdrawn from the jurisdiction of the court, so that no judgment could be passed upon it, and consequently the claim could not become *res adjudicata.*

But the defendant cannot prosecute his plea in bar after the plaintiff has withdrawn his case, or suffered a non-suit in respect to it. The right of the defendant to plead a set-off, is a right given him as a defendant. He may defeat the plaintiff's claim, and in certain cases recover a balance, but it must be done as a defendant in the suit. He cannot under this statutory right institute new proceedings against the plaintiff, simply because the plaintiff has brought him into court, and compel the plaintiff to answer thereto. His right is to file a special plea in bar, or a notice under the general issue to the plaintiff's case, and when the plaintiff has withdrawn his case, there is nothing to which his plea applies. His plea is defensive, and not aggressive. Suppose the plaintiff in the former suit had been required by the court, at the instance of the defendant, to give further bonds for prosecution, and being unable to do so, had failed to comply with the order, and was non-suited by the court. Could the defendant go on with his side of the case after the non-suit, when the plaintiff could not be heard, and could a judgment be rendered against him which would be a bar to another action? We think not; and we are equally well satisfied that the claim of the defendant is untenable.

From time immemorial such actions have been regarded as under the control of the plaintiff, without reference to any pleas that may have been filed, and he has been allowed to withdraw them, or suffer a non-suit in them, precisely as in other cases. 1 Swift's Digest, 594; *Homer* v. *Brown,* 16 How., 354.

We think it is clear that the plaintiff's present case was not determined in the former suit, and that consequently the proceedings of the court in that case constitute no bar to the present action.

We do not advise a new trial.

In this opinion the other judges concurred.