### 8223.  OCONEE RIVER MILLS *v.* CONTINENTAL INSURANCE COMPANY.

A motion to reinstate a case dismissed in vacation by the plaintiff's attorney should be made before the expiration of the next term of the court, and when made after that term it stands, as to excuses for delay, upon the same footing as an extraordinary motion for a new trial. No sufficient excuse for such delay appearing in this case, the court did not err in overruling the motion to reinstate the case.

DECIDED JUNE 14, 1917.

Motion to reinstate case; from Laurens superior court—Judge Kent. February 21, 1916.

*W. M. Clements, John R. L. Smith; Grady Harris,* for plaintiff.
*King & Spalding,* for defendant.

BROYLES, P. J.  This was a motion to reinstate a case which had been dismissed by the plaintiff's attorneys. The case was not dismissed by any order of court, and no entry of dismissal was made upon the minutes of the court, but the plaintiff's attorneys, in vacation, on July 23, 1915, made such an entry on the original petition, and, on the same date, the clerk of the court in which the suit was pending canceled the entry of the case upon the court docket, by drawing cross-lines over it, and made an entry on the docket that the case had been dismissed by the plaintiff and the costs paid. The following day the officers of the plaintiff (a corporation) were advised of the dismissal of the suit. The regular July term of the court began on July 26, 1915, and adjourned on August 7, 1915. The next regular term convened on October 25, 1915; and at that term, to wit, on November 2, 1915, the

plaintiff, through other attorneys, filed its motion to reinstate the case, on the ground that its former attorneys were not authorized to dismiss it. This motion was overruled. The defendant, in its answer to the motion, pleaded, among other defenses, that the motion to reinstate was made too late. Under our view of the case it is necessary to consider this question only. As stated, the case was dismissed in vacation, on July 23, 1915. The plaintiff corporation, through its officers, was informed of this fact on the following day. The next regular term of the court began on July 26, 1915. The plaintiff allowed this term to elapse, and made no motion for reinstatement until November 2, 1915, during the regular October term of the court.

It is contended by counsel for the plaintiff in error that the case was never really dismissed; that the entry of dismissal upon the original petition, by the plaintiff's attorneys, and an entry of dismissal upon the docket of the court, by the clerk, both made in vacation, did not in law amount to a dismissal of the case. In our opinion this position is untenable. Section 5627 of the Civil Code of 1910 provides that "The plaintiff in any action, in any court, may dismiss his action in vacation or term time, and, if done in term time, the clerk or justice shall enter such dismissal on the docket." Under this section, where the case has been dismissed in vacation by the plaintiff, it is not even necessary to enter the dismissal upon the docket of the court. However, in this case such an entry on the docket was promptly made by the clerk of the court. As to the right of the plaintiff to dismiss his suit, either in term time or in vacation, without any leave or order of the court, provided that thereby no right of the defendant is prejudiced, see also *Kean* v. *Lathrop, 58 Ga.* 355; *Jackson* v. *Roane, 96 Ga.* 40 (23 S. E. 118). In the instant case it is undisputed that the attorneys who made the entry of dismissal upon the petition were the attorneys (and the only attorneys) for the plaintiff in the litigation until after the dismissal of the action. This being true, their entry of dismissal upon the original petition, made in vacation, amounted in law to a dismissal of the suit, and before the plaintiff could litigate further it was necessary for the case to be reinstated. In considering the single question as to whether the motion to reinstate was made in time, the further question, as to whether, under all the facts, the attorneys were

justified in dismissing the action, is not involved. However, in simple justice to the reputation of the eminent counsel who so acted, we think it not improper to call attention to the following facts disclosed by the record: This was a joint suit by two plaintiffs,—the Oconee River Mills, and the Citizens & Southern Bank as trustee for the bondholders of the mills; both plaintiffs being represented by the same firm of attorneys. The trustee bank held the insurance policy sued on, by way of pledge from the other plaintiff. The attorneys were advised and directed to make the settlement finally agreed upon by the trustee bank, the holders of all of the bonds of the Oconee River Mills, the holders of one half of all of its stock, and by the attorney in fact of all of its stockholders. This settlement was opposed by the Oconee River Mills only, its officers having notified its attorneys that it would not agree to it. The Oconee River Mills was insolvent, its plant was shut down, and its officers had removed to another county. If the offer of settlement made by the insurance company had been rejected, it would have been a very close question whether the bondholders would have received anything, as apparently the insurance company had a good defense to the suit, and the Oconee River Mills had declined to indemnify the bondholders or their representative against this contingency. And the great bulk of any recovery, under the facts of the case, would necessarily have gone to the plaintiff bank.

In *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807), it was held that "A motion to reinstate a case, made after the expiration of the term at which the order of dismissal was entered, stands, as to excuses for delay, upon the same footing as an extraordinary motion for a new trial. There being . . . no sufficient excuse for failing to make the motion to reinstate at an earlier term than that [at] which it was filed, the court erred in sustaining it." See also, to the same effect, *Austin* v. *Markham,* 44 *Ga.* 161. Under these decisions it is apparent that if the case now under consideration had been dismissed in term time by an order of the court, the motion for a reinstatement was made too late. It is contended, however, by counsel for the plaintiff in error that this ruling is not applicable where the suit was dismissed in vacation. We, however, see no reason why the principle underlying it should not be applied to such a case; and, when so applied, it seems clear

to us that where the case has been dismissed in vacation, the motion for reinstatement should be made before the expiration of the next term of the court, and a movant failing to do so should present some good excuse for such delay.

In our judgment no sufficient reason was shown for the plaintiff's delay in filing the motion to reinstate the case, and the judge who passed upon the motion did not err in overruling it.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*