## ARMSTRONG v. COLEMAN et al.

No. 10799—Opinion Filed Nov. 28, 1922.

### (Syllabus.)

### Dismissal — Fraud in Procurement—Setting Aside Order.

Where an old and illiterate negro woman without any business experience has employed attorneys to bring an action to recover her land, and immediately after her action is commenced the defendants, being shrewd business men, go to the negro woman's cabin and by threats and intimidation induce her to execute, by her mark, a deed to the land in controversy and a dismissal of the suit, and this is done in the absence of her attorneys and without an opportunity for her to consult her attorneys or for them to be present, such a transaction is so permeated with fraud that a timely motion made by her through her attorneys to set aside the order dismissing the action and withdraw the purported dismissal should be sustained by a court of equity.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Becky Armstrong, against Peter Coleman et al., to recover certain real estate. The action was dismissed on a dismissal executed by the plaintiff in the absence of her counsel and filed by the defendants. Motion to set aside the judgment dismissing the action and withdraw the dismissal overruled. Plaintiff appeals. Reversed and remanded, with instructions.

George Miller, Jr., and C. B. McCrory, for plaintiff in error.

Robert R. Burns, for defendants in error.

MILLER, J. This action was commenced in the district court of Okmulgee county by Becky Armstrong, as plaintiff, against the defendants for the purpose of canceling a certain deed theretofore executed by Becky Armstrong to a part of her allotment. Within a few days thereafter a dismissal signed by Becky Armstrong, by her mark, was procured and filed by the defendants in said cause. A few days thereafter a motion was filed by Becky Armstrong, by her attorneys, for leave to withdraw the purported dismissal. A response was filed by the defendants, and the cause came on for hearing before the court without a jury. The motion to withdraw the purported dismissal was based upon the ground of fraud in procuring the dismissal. The court made a special finding that no fraud had been perpetrated on Becky Armstrong and denied plaintiff's motion to withdraw the dismissal and entered judgment dismissing the action. The

plaintiff appealed from the order and judgment of the trial court and appears here as plaintiff in error. For convenience the parties will be referred to as they appeared in the lower court.

The plaintiff sets out several specifications of error, but the only one it will be necessary to consider is, Did the facts under which the purported dismissal was obtained constitute a fraud upon the plaintiff? We think they did. The record discloses the following undisputed facts:

Becky Armstrong is an old negro woman, illiterate, having lived all her life in what is known as the Creek Nation, and having traveled only a few miles away from her home. There was some oil development in close proximity to the land in controversy, and she had employed attorneys to bring a suit to recover the land. This suit was filed August 26, 1918. On September 6, 1918, the purported dismissal was filed with the court clerk. Becky Armstrong lived in a tent or hut out in the woods several miles from the town of Beggs, and two or three days before the purported dismissal was obtained, Peter Coleman called at Becky Armstrong's tent carrying a club and wearing a six-shooter and making threats that he was going to kill the white man who had been around there. It is conceded the white man referred to was Becky Armstrong's attorney. Two or three days after this visit, Peter Coleman, together with four or five other men, being the parties interested in this litigation, called at Becky Armstrong's tent and there, in the absence of her attorneys and without her having an opportunity to consult them, they prepared a dismissal of the suit, a quitclaim deed, and a purported statement of facts, which she signed by her mark, and they paid her $400.

The evidence of Becky Armstrong, which is corroborated by her daughter, is that Peter Coleman on his first visit stated that they would put Becky Armstrong in jail because she had brought this suit. That when the four or five men were present and the purported dismissal and other papers were signed by her, some of them told her that her attorneys could not do anything; that they just wanted to get her in trouble and other statements of like import. Peter Coleman admitted coming to the tent two or three days before the dismissal was signed; that he had a club and gun and was looking for Becky Armstrong's attorneys and made threats against them. He admitted talking about someone would be sent to jail, but

says he was referring to Watson, who had been connected with some of the previous transactions concerning the land in controversy.

It is clear that this old, illiterate negro woman was no more capable of dealing with these shrewd business men and protecting her own interests than a mere child would have been. Fair dealing would at least have prompted these men to see that she had the advice of her attorneys in a transaction of so great importance to her. Going around her attorneys and rushing this settlement through as is shown by this record is a badge of fraud which cannot appeal to the conscience of any court of equity. She had, through her attorneys of record, made a timely motion for leave to withdraw the purported dismissal, and under the facts as disclosed by this record the motion should have been sustained. This record presents a clear case of undue influence and overreaching in procuring the execution of the papers by Becky Armstrong on this occasion, and the judgment of dismissal should be vacated. Harjo et al. v. Black et al., 49 Okla. 566, 153 Pac. 1137.

The judgment of the trial court is reversed, with instructions to set aside and vacate the judgment dismissing said cause and to grant the motion of the plaintiff to withdraw the purported dismissal and reinstate this case for trial.

KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.