PETRONELLA LUSAS *vs.* ST. PATRICK'S ROMAN CATHO-
LIC CHURCH CORPORATION OF WATERBURY,
CONNECTICUT.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 3d—decided July 1st, 1937.

*Walter E. Monagan,* with whom was *Walter E. Monagan, Jr.,* for the appellant (defendant).

*Robert J. Woodruff* and *Edward S. Snyder,* for the appellee (plaintiff).

MALTBIE, C. J.   On November 25th, 1936, before this case came on for hearing, a "withdrawal of action" was filed, signed by both parties by their attorneys, stating that the action "is hereby withdrawn without further costs to either party."   On January 2d, 1937, the plaintiff, by other attorneys than the one who signed the withdrawal, filed a motion to restore the case to the docket, and on February 2d, 1937, the court granted the motion.   The defendant has filed an appeal from the order restoring the case to the docket.

The granting by the trial court of the motion was not a final judgment from which an appeal could properly be taken.   *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 Atl. 407.   We have hesitated to consider the issues argued before us.   But the appellee has not raised the question; the issues concern the right of the

trial court to proceed with the case; and as our examination of it has brought us to the conclusion that that court does not have that right, we have decided to express our opinion upon the questions argued before us.

The errors assigned are, that the court was without jurisdiction to restore the case to the docket and that the plaintiff's remedy, if any, was not by the motion it made. We are not concerned upon this appeal with the question whether or not the court was justified upon such facts as were before it in granting the motion, a question which we could not review in the absence of a finding. The appeal raises only the question of the jurisdiction of the court to act in the premises and of the propriety of the remedy, questions which are presented upon the face of the record and which can be determined without a finding.

Under our statutes a plaintiff has a right to withdraw an action without leave of court at any time before the return day, in which event the clerk is to enter it "on the docket of the court, . . . with a note of the withdrawal;" General Statutes, § 5496; he may withdraw it without leave of court after the return day but before the commencement of a hearing upon the merits and thereafter he may withdraw it only "by leave of court for cause shown;" § 5494; but in case of a withdrawal after the return day, the plaintiff may subject himself in certain cases to a judgment for costs. § 5495. Previous to the adoption of the Practice Act, the plaintiff might withdraw the entire action, even though a set-off had been pleaded. *Anderson* v. *Gregory*, 43 Conn. 61, 63. Under the act and the rules adopted in compliance with it, the withdrawal by a plaintiff does not impair the right of the defendant to prosecute a cross-complaint or counterclaim; Practice Book, § 114; *Boothe* v. *Armstrong,*

76 Conn. 530, 57 Atl. 173; and we have held that, as in such a case the action is still pending, the plaintiff may be permitted, despite the withdrawal, to reinstate his claim. *Boothe* v. *Armstrong,* 80 Conn. 218, 67 Atl. 484.

Where a case is withdrawn after the commencement of a hearing "by leave of court for cause shown" the order of the court granting permission to withdraw is essential to prevent further action in the case, and that order, like any other, can of course be vacated or modified during the term at which it is made. Where a case is voluntarily withdrawn without such permission, as it may be before the commencement of a hearing, the court cannot proceed further with it until some further steps are taken in the matter, any more than it can in a case where final judgment has been rendered or where an action has been erased from the docket. But the case is, in all these situations, still in court, though removed from the docket of active cases, and this is indicated by the language of § 5496 of the General Statutes, that, in the case of a voluntary withdrawal before return day, the clerk shall enter it "on the docket of the court." Thus during the same term a judgment may be opened and a further hearing had, or a case erased from the docket may be restored; but such proceedings may not ordinarily be had after the expiration of the term at which the judgment was rendered or the order made, because the court would lack jurisdiction then to proceed. *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 185 Atl. 70. In that case we said (p. 380) that the basis of the principle last stated was that, "in the interest of the public as well as that of the parties there must be fixed a time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further in the matter by

virtue of having been summoned into or having appeared in the case;" and we pointed out that the lack of jurisdiction was one over the parties, which might be waived and would be waived if a party thereafter made a general appearance in the case.

The situation as regards the jurisdiction of the court to proceed further in the matter after an action has been voluntarily withdrawn is strictly analogous to that presented after the rendition of a final judgment or the erasure of a case from the docket. The court unless it is restored to the docket cannot proceed with it further but, the action still being in court, it has not gone entirely beyond the jurisdiction of the court to act in it. Thus if the parties should stipulate that despite the withdrawal the case should continue on the docket, or if it should be restored on motion of the plaintiff and the defendant should thereafter expressly or by implication waive any claim of lack of jurisdiction, the court could properly proceed with it. *Weisguth* v. *Supreme Tribe of Ben Hur*, 272 Ill. 541, 543, 112 N. E. 350; *Young Mines Co., Ltd.* v. *Blackburn*, 22 Ariz. 199, 204, 196 Pac. 167. There is no reason why the court has not jurisdiction upon a proper showing to restore to the active docket a case which has been voluntarily withdrawn, just as it can open a judgment or restore to the docket a case which has been erased.

While there is some conflict in the decisions in other jurisdictions, the weight of authority is that, where the withdrawal, or dismissal, as it is more usually called, is upon order of the court it can, upon a proper showing, subsequently reinstate the case; *McDonnell* v. *Wasenmiller*, 74 Fed. (2d) 320, 324; *Palmedo* v. *Waldron Reporter Co.* (App. Div.) 183 N. Y. Sup. 365, 367; *Palace Hardware Co.* v. *Smith*, 134 Cal. 381; *Armstrong* v. *Coleman*, 87 Okl. 288, 210 Pac. 1018;

and that it has a like power where the parties have a right without consent of court to withdraw or voluntarily dismiss the case. *National Power & Paper Co.* v. *Rossman,* 122 Minn. 355, 360, 142 N. W. 818; *Commonwealth* v. *McGee,* 224 Pa. St. 166, 168, 73 Atl. 346; *Thompson* v. *Bay Circuit Judge,* 138 Mich. 81, 101 N. W. 61; *Zimmerman* v. *Western Builders & Salvage Co.,* 38 Ariz. 91, 297 Pac. 449; and see 18 C. J. 1172, 1173. In *Harjo* v. *Black,* 49 Okl. 566, 153 Pac. 1137, it is very pertinently said (p. 571): "Were an order of court necessary to render efficacious the dismissal, the court's power to vacate and set aside its own order cannot be gainsaid. It would be strange, indeed, if the right given the plaintiff, unaided by the court, to dismiss an action, should deprive the court of its power to inquire into the means by which the stipulation was obtained, and which it would have but for the statute." Of the cases cited by the defendant in support of its contention that a case voluntarily withdrawn may not be reinstated to the docket, only three are at all pertinent to the question; *Hutchings* v. *Buck,* 32 Me. 277; *Smurda* v. *Superior Court* (Cal. App.) 266 Pac. 843; *Turner* v. *Woodruff,* 192 Iowa 848, 185 N. W. 910; in each of the last two the action, after voluntary dismissal, had not been reinstated and the decisions went no further than to hold that in such a situation, the court had no power to proceed further in the matter; as regards the precise question before us, the decision of the California Supreme Court in *Palace Hardware Co.* v. *Smith,* supra, upholds the right of a court to reinstate a case voluntarily dismissed; and the last decision of the Iowa Supreme Court we have found leaves the law in that State unsettled. *Ryan* v. *Phoenix Ins. Co.,* 204 Iowa 655, 215 N. W. 749.

The reason which, in the absence of a waiver, pre-

cludes further action in the case of a judgment or order to erase from the docket after the expiration of the term when the judgment was rendered or the order made is applicable in the case of a proceeding to reinstate a case after a voluntary withdrawal. It may not be restored after the expiration of the term at which the withdrawal was filed. *Doss* v. *Tyack*, 55 U. S. (14 How.) 297, 312; *Oconee River Mills* v. *Continental Ins. Co.*, 20 Ga. App. 230, 92 S. E. 967; 18 C. J. 1173. The statute provides that there shall be two terms each year held by the Court of Common Pleas for the district of Waterbury, one beginning on the first Tuesday of January and continuing until the Friday preceding the first Monday of July, and the other beginning on the first Tuesday of September and continuing until the Friday preceding the 25th day of December. General Statutes, § 5317; see Cumulative Supplement, 1935, § 1620c. The withdrawal of the action in this case was filed November 25th, 1936. The term of court during which it was filed expired on December 18th, 1936. The motion to restore was filed January 4th, 1937, after the expiration of the term, and was not granted until February 2d, 1937. The defendant did not appear specially to contest the jurisdiction but filed an answer to the motion and contested it upon its merits. While this action waived any lack of jurisdiction on the part of the court to restore the case, it did not waive the right of the defendant to claim that the action of the trial court was erroneous. *Foley* v. *Douglas & Bro., Inc.*, supra, 380. The reason of appeal that the court lacked jurisdiction to restore the case is not well taken. However, after the expiration of the term during which the action was withdrawn, the remedy of the plaintiff, if any, was by a petition for a new trial under § 5701

of the General Statutes, or by a proceeding in equity; *Hoey* v. *Investors' Mortgage & Guaranty Co.*, 118 Conn. 226, 230, 171 Atl. 478; and the second reason of appeal was sound.

The case is remanded to the Court of Common Pleas for the Judicial District of Waterbury for further action according to law.

In this opinion the other judges concurred.