COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
OF THE STATE OF CONNECTICUT *v.* MICHAEL
J. MAGNELLO ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 14-695-42508

Argued December 1, 1969—decided January 23, 1970

*Robert K. Killian,* attorney general, and *Robert L. Hirtle, Jr.,* assistant attorney general, for the appellant (state).

*William S. Zeman,* with whom, on the brief, was *George A. Silvester,* both of Hartford, for the appellees (defendants).

PER CURIAM. On July 17, 1969, before this case came on for hearing, a "stipulation of settlement" and a "withdrawal of action" were filed, signed by the parties by their attorneys, and the withdrawal stated that the action "is hereby withdrawn without further costs to either party." On August 25, 1969, the plaintiff by its attorney filed a motion to reopen and for permission to file an amended complaint, and on September 24, 1969, the court denied the motion. The plaintiff has appealed from the court's denial of its motion.

The court made no memorandum of its decision on the motion, nor do we have a finding. The plaintiff's motion to reopen was not supported by an affidavit as required by § 286 of the Practice Book. Action on such a motion calls for the exercise of the court's

discretion and is reviewable only in case of abuse. *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 56. From the record before us we cannot say that the court abused its discretion.

Neither party in argument or brief raised the question whether the court held jurisdiction to entertain the motion, since the case had been withdrawn. We feel the matter of sufficient importance to state that the plaintiff's preliminary motion should have been one to have the case restored to the docket. Where a case is voluntarily withdrawn, as it may be before the commencement of a hearing (General Statutes § 52-80), the court cannot proceed further with it until some further steps are taken in the matter. The case is still in court, though removed from the docket of active cases. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 169–70; Stephenson, Conn. Civ. Proc. § 120c. The court had no jurisdiction to entertain the plaintiff's motion.

In the view we take, it is not necessary for us to discuss the plaintiff's argument as to the equitable jurisdiction of the court.

There is no error.

KOSICKI, DEARINGTON and KINMONTH, Js., participated in this decision.