[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action to recover sums due on a promissory note executed by the defendants Gary P. Flyer and Susan M. Flyer (hereinafter "Flyers") and to foreclose a mortgage given to secure the note. The plaintiff named numerous other additional defendants including Doria B. Barry and John F. Barry (hereinafter "Barry") who claimed an interest by virtue of: (1) a list pendens dated March 20, 1990 and recorded on March 23, 1990; (2) notice of agreement between the defendants Barry and CT Page 5053 Flyer's dated May 17, 1990 and recorded September 12, 1990; (3) a mortgage dated May 17, 1990 and recorded September 12, 1990; and (4) a lis pendens attachment of the property dated May 3, 1991. The plaintiff also named as a defendant the Household Realty Corporation (hereinafter "Household") who claimed an interest in property by virtue of a mortgage dated August 23, 1990 and recorded August 28, 1990. On January 9, 1992 the defendant Household filed a disclosure of no defense and the defendants Barry filed a disclosure of no defense on January 16, 1992 and, on that same date, filed a motion for a determination of priorities.
On January 21, 1992 the defendants Barry filed a cross complaint against the defendant Household Realty. The cross complaint alleges numerous claims including the claims that the mortgage of the defendants Barry has priority over the claims of the defendant Household; that Household participated in the Flyer's fraudulent scheme to violate terms of the Barry mortgage; that the Household mortgage is void as a fraudulent conveyance; that Household is chargeable with recklessness and negligence with respect to the loan made to the Flyers'; that the loan was procured through bribery; that Household breached a confidentiality contract with the defendants Barry; that Household interfered with the contractual rights of defendants Barry; that the defendant Household committed perjury; that Household violated the banking laws; that Household has unclean hands; and that Household is chargeable with a CUPTA violation. The cross-claim filed by the defendants Barry requests various relief including declarations that the Barry mortgage precedes the Household mortgage and that the Household mortgage is void; compensatory and punitive damages; legal fees; expenses in connection with the prosecution of the action; double and treble damages and such other relief as the court believes is just. On January 21, the defendants Barry filed a revised disclosure of no defense acknowledging that they have no defense to the foreclosure actions by the plaintiff but reserved the right to participate in the determination of priorities to share in any proceeds of a sale. On February 6, 1992 the plaintiff filed a withdrawal of action as to all defendants.
Following the withdrawal of the action, the defendants Barry filed a Motion For Default For Failure To Produce documents pursuant to the issuance of a subpoena duces tecum. However, the subpoena is not attached to the motion nor is there a transcript of any proceedings attached thereto. The defendant Household has filed a Motion To Strike the Motion For Default For Failure to Produce on the grounds that the subpoena refers to a short calendar hearing scheduled in January when the hearing was marked off and postponed by plaintiff's counsel; that the subpoena was served for the purpose of harassing the defendant Household; and that the information requested had previously been supplied to the defendants Barry. The absence of a subpoena on which the court can CT Page 5054 act, requires the denial of the Motion for Default For Failure to Produce.
The defendant Household has also filed a Motion to Strike a Notice of Deposition dated February 24, 1992 filed by the defendants Barry and a Motion to Strike a Motion For Default filed by the defendant Barry. Both motions claimed to be filed by the defendant Barry on February 24, 1992 are however, not contained in the court file.
The Motions To Strike filed by the defendant Household assert that the withdrawal of the action renders the notice and motion nullities because the case has been withdrawn by the plaintiff and no longer pending in court. Both parties have filed a memorandum of law as though the court were considering a motion to strike the cross-complaint on the grounds that it is a nullity in view of the withdrawal of the action.
It appears that at common law, a withdrawal of a complaint resulted in the termination of counterclaims, cross-claims or set-offs relating to the original action. See, 1 Stevenson Connecticut Civil Procedure 129 H and 130. Under General Statutes 52-80 a plaintiff may withdraw an action "before the commencement on the hearing of the merits thereof." After the commencement of a hearing on an issue of fact, the plaintiff may withdraw the action or another party may withdraw a cross-complaint or counterclaim filed therein only by leave of the court. Under Practice Book 116, a "defendant may file counterclaims against any plaintiff and crossclaims against any co-defendant provided that each such counterclaim and crossclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Generally speaking, a counterclaim is a course of action asserted by one or more defendants against one or more plaintiffs while a cross-claim is asserted against one or more defendants. . . . Cross-claims are litigated by parties on the same side of the main litigation, while counterclaims are litigated, . . . between the opposing parties to the principal action." Williams v. Dumais, 34 Conn. Sup. 247, 250 (1978).
Our courts have stated that under the Practice Act "the withdrawal by a plaintiff does not impair the right of the defendant to prosecute a cross complaint or counterclaim"; Lucas v. St. Patrick Roman Catholic Church Corp, 123 Conn. 166, 168 (1937). However, the Practice Act referred to in the Lucas case refers to Practice Book 114 of the 1934 edition which specifically states that a withdrawal of the action by the plaintiff does not affect the prosecution of cross-claims or counterclaims. However, our current Practice Act, 169, provides as follows:
"The withdrawal of an action after a counterclaim, CT Page 5055 whether for legal or equitable relief, has been filed therein shall not impair the right of the defendant to prosecute such counterclaim as fully as if said action had not been withdrawn, provided that he shall, if required by the court, give bond to pay costs as in civil actions."
The same provision exists in the 1951 Edition of our Practice Act. Thus, sometime between 1934 and 1951 the phrase "cross claim" was deleted from the Practice Act. We have a situation where Section 116 of the Practice Book provides for the filing of "counterclaims" and "cross claims" and Section 169 provides only that the maintenance of a counterclaim shall not be impaired upon the withdrawal of the primary action.
Accordingly, there is sufficient basis for a determination that the complaint filed by the defendant Barry in the above entitled matter should be stricken. However, no motion to strike the cross-complaint has been filed.
Accordingly, the court denies the Motion for Default for Failure to Produce filed by the defendants Barry and also denies the Motion for Default for Failure to Plead, if indeed one has been filed with the court.
The court therefore leaves for future proceedings to determinations as to whether the cross complaint itself should be stricken.
RUSH, J.