[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE THE WITHDRAWAL OF ACTION
On December 6, 1989, the plaintiff filed her complaint in this court. On December 18, 1992, before the case went to trial, the court (Moraghan, J.) entered an order stating: "Pursuant to the agreement of the parties it is hereby ordered . . . [c]ounsel will file a withdrawal of this action today with the caveat that if the work promised to be completed within 45 days is not done this matter shall be put back on the trial list for immediate trial." Subsequently, on January 8, 1993, the plaintiff filed a withdrawal stating "[t]his case is withdrawn as to all defendants without costs to any party." Now, on January 16, 1996, the plaintiff has filed a "motion to vacate the withdrawal of action in this case." The defendant has objected.
As provided in General Statutes § 52-80, the plaintiff may withdraw any action before the commencement of a hearing on the merits thereof. There is no statutory provision establishing a time limit on initiating further action in a matter withdrawn by this method, as has the plaintiff. However, "the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) H.G. Bass Associates v. EthanAllen, Inc., 26 Conn. App. 426, 431, 601 A.2d 1040 (1992). Under General Statutes § 52-212a, a "judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." (Emphasis added.)Batory v. Bajor, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied,215 Conn. 812, 576 A.2d 541 (1990). It was similarly found, when Connecticut courts previously sat during terms, that a withdrawn case "may not ordinarily be . . . [restored] after the expiration of the term at which the judgment was rendered or the order made, because the court would lack jurisdiction then to proceed." Lusasv. St. Patrick's Roman Catholic Church Corp., 123 Conn. 166, 169,193 A. 204 (1937); Commission on Human Rights and Opportunitiesv. Magnello, 6 Conn. Cir. 91, 92, 266 A.2d 76 (1970) (holding CT Page 3589 that trial court lacked jurisdiction to reopen withdrawn action). The basis for such a holding is the principle that "`in the interest of the public as well as that of the parties there must be a fixed time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further in the matter. . . .'" Lusas v. St. Patrick's RomanCatholic Church Corp., supra, 123 Conn. 169-70, quoting Foley v.Douglas Bro., Inc., 121 Conn. 377, 380, 185 A. 70 (1936).
Here, the plaintiff did not file the present motion until three years after the original matter was withdrawn. General Statutes § 52-212a is applicable in this matter because the effects of the withdrawal and a judgment are so similar and because the purpose behind the four month limitation is appropriate for both withdrawals and judgments. The plaintiff's motion was filed well after the four month period for reopening judgments. Therefore, because of this delay, the court no longer has jurisdiction to proceed in the matter and denies the plaintiff's motion.
Stodolink, J.