[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO VACATE WITHDRAWAL OF COMPLAINT (#109)
The plaintiff instituted a dissolution action which was returnable to court on February 11, 1997. The defendant appeared through counsel the following April. At no time did she file a cross-complaint.
On May 12, 1997. the court (Keller, J.), pursuant to the parties' stipulation, ordered the plaintiff to pay to the defendant $135.00 per week as pendente lite alimony. When the plaintiff fell behind in his payments, the defendant, on August 20. 1997, moved that he be held in contempt. On September 12, 1997, before the contempt motion was heard, the plaintiff, without receiving court permission, filed a formal withdrawal of action which was signed by his attorney. It is the defendant's position that at that time there was an arrearage as to the pendente lite alimony order in the amount of $945.00.
Before the court is the defendant's motion to vacate the plaintiff's withdrawal of his action. In this connection § 52-80 of our General Statutes provides in pertinent part as follows:
 "The Plaintiff may withdraw any action so returned . . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the Plaintiff may withdraw such action. . . . only by leave of court for cause shown."
It is the defendant's claim that the hearing on her pendente lite motion constitutes a hearing on the merits, and, therefore, based on the statutory language, the plaintiff is precluded from withdrawal of his action without required permission.
Under our law a plaintiff may withdraw an action without leave of court after the return date and before commencement of a hearing upon the merits. Lusas v. St. Patrick's Roman Catholic Church Corp. , 123 Conn. 166,168 (1937). Such withdrawal, of course, will not impair a defendant's right to prosecute a pending cross-complaint or counter claim as though the action had not been withdrawn at all. Boothe v. Armstrong, 76 Conn. 530, 533
(1904). Absent such pleading by the defendant, however, "the jurisdiction of the court to proceed further in the matter after an action has been voluntarily withdrawn is strictly analogous to that presented after the CT Page 525 rendition of a final judgment or the erasure of a case from the docket."Lusas v. St. Patrick's Roman Catholic, supra, 170.
The order of the court awarding alimony to the defendant was a temporary one only, to remain in effect during the pendency of the action (i.e., pendente lite). Clearly, the order did not stem from a hearing on the merits, and the right of the plaintiff to withdraw his action (1988). Upon such withdrawal the dissolution action was terminated and the order ceased to operate insofar as any subsequent alimony payment obligation.Salonia v. Salonia, 16 Conn. Sup. 86, 89 (1949).
The motion to vacate is denied.
Bernard D. Gaffney Judge, Superior Court