[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14686
The defendants, Franklin H. Carrington and Caroline R. Carrington (hereinafter "Carringtons"), move to dismiss this action on the grounds that the court lacks jurisdiction because a withdrawal of the underlying action was filed before defendant Suffield Water Pollution Control Authority (hereinafter "WPCA") filed a cross-complaint and because WPCA failed properly to institute a valid mesne process.
The facts are as follows:
The Town of Suffield (hereinafter "Town") instituted this action to foreclose a tax lien on October 7, 1994. The WPCA was named as a defendant and alleged to possess an encumbrance subsequent in right to the plaintiff Town by virtue of a sewer benefit assignment charge lien. The Town's action was pursued to the point where judgments of foreclosure by sale were entered at least twice and then reopened. In the spring of 1998, the defendant Carringtons made sufficient peace with the Town that it determined to withdraw its foreclosure action. By cross-complaint dated and served on March 26, 1998, WPCA asserted its right to foreclose its sewer lien before the Town withdrew its underlying foreclosure action, on April 1, 1998. The next day there was in the clerk's office both the Town's withdrawal of the underlying action and the WPCA's cross-complaint. The Superior Court Clerk's Office stamped the withdrawal of the Town at 2:37 p.m. on April 2, 1998 and a cross-complaint of the WPCA on the same day at 2:41 p.m. This fact was never brought to the court's attention until the instant motion to dismiss.
The case proceeded on WPCA's cross-complaint. The Carringtons were defaulted for failure to plead, but subseguently filed an answer denying their liability and claiming, in effect, they had no access to the sewer line for which the assessment had been levied. WPCA filed a motion for summary judgment on the issue of liability and the defendant Carringtons resisted that motion. This court granted WPCA's motion and thereafter entered a judgment of foreclosure by sale. The Carringtons appealed that decision to the Appellate Court. That court affirmed the trial court's decision on October 25, 2000 (56 Conn. App. 441) and remanded it for the purpose of setting a new sales date. Subsequently the Carringtons filed proceedings in Bankruptcy Court, which having been disposed of, the case is now before the court on WPCA's motion for judgment of foreclosure by sale and for further allowances of fees and costs. Then, for the first time, on June 7, 2001, the Carringtons moved to dismiss on the grounds that the court lacks jurisdiction because this case was withdrawn before the WPCA filed its cross-complaint and the mesne process was never complied with. CT Page 14687
Before dealing with the merits of defendants' arguments a little common sense should be applied. The defendants' entire claim rests on the fact that the withdrawal was time stamped in the clerk's office four minutes before WPCA's cross-complaint was time stamped as filed in that office. WPCA's cross-complaint was served on Carringtons' attorney four days before it reached court. WPCA's attorney said in court that he mailed the cross-complaint to the clerk's office. The court can fairly assume that plaintiff's withdrawal of action was also mailed to the clerk's office and received by that office on the same date as the WPCA's cross-complaint. The pleadings were time stamped haphazardly by a clerk in the office as they were reached in a pile before him. To put any significance on one being time stamped four minutes before the other seems unjustified under these circumstances.
The defendants Carringtons argue that analogy should be made with the town clerk time stamping documents for recording on the land records. That analogy is invalid. Conn. Gen. Stat. § 7-24 (c) requires town clerks to time stamp every document they receive and clearly the time stamp determines the order of priority of the lien recorded. Practice Book Section 7-1
requires the clerk to record "the date of the filing of each document." While the court will not hold that the time stamping of documents by the clerk's office is of no significance, in this case a matter of four minutes should not make a difference when it appears to this court that both the withdrawal and the cross-complaint were received by the clerk's office on the same day. Common sense should not require the WPCA to start this case anew.
Turning to the merits of Carringtons claim, they argue that the withdrawal of a cause of action is equivalent to the rendition of a final judgment and that anything filed after the withdrawal is of no consequence. Since in this case WPCA has not moved to restore the case to the docket, Carringtons assert the WCPA's cross-complaint filed after the withdrawal cannot be heard by this court.
Conn. Gen. Stat. § 52-212 provides that a judgment resulting from default or nonsuit may be set aside on a motion filed within four months of the judgment. § 52-212a provides that except in cases in which the court has continuing jurisdiction, a civil judgment may not be opened or set aside under a motion to open or set aside if filed within four months of the judgment. That section goes on to say, "The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court. . . ."
In Lusas v. St. Patrick's Roman Catholic Church Corp., 123 Conn. 166,170 (1937), the court held that the withdrawal of a case does not deprive the court of subject matter jurisdiction but rather implicated personal CT Page 14688 jurisdiction and "we pointed out that the lack of jurisdiction was one over the parties, which might be waived and would be waived if a party thereafter made a general appearance in the case." The court went on to say, "Thus, if the parties stipulate that despite the withdrawal, the case should continue on the docket or if it should be restored on motion of the plaintiff and the defendant should thereafter expressly or by implication waive any claim of lack of jurisdiction, the court could properly proceed with it." (at p. 170). To the same effect, see alsoSicaras v. City of Hartford, 44 Conn. App. 771, 775-76 (1997).
Here, the Carringtons interposed an answer to WPCA's cross-complaint, vigorously contested WPCA's sewer assessment at a full length trial, and when they lost, appealed that decision to the Appellate Court. This court concludes such conduct constitutes a waiver by the Carringtons of lack of personal jurisdiction over them.
Moreover, while ordinarily a motion to restore a case to the docket is required after it has been withdrawn, by the court continuing with the case, it can be regarded as having implicitly granted such a motion. This was the clear holding in C.F.M. of Connecticut, Inc. v. Showdhury,239 Conn. 375 (1996). After the underlying case had been withdrawn, the court held an attorney in contempt. The Supreme Court said at p. 391, "Second, even if we were to assume that under Lusas, Judge Holzberg was required to grant a motion to restore the case to the docket before considering the motion for contempt, we can only regard his actions as the functional equivalent of the granting of such a motion. To conclude otherwise would be to elevate form over substance."
In this case, after the Town of Suffield filed its withdrawal, the court proceeded with the trial on WPCA's cross-complaint that was vigorously opposed by the Carringtons. This court concludes that by it having acted upon the WPCA's cross-complaint, conducting a full trial on it, rendering a judgment and that judgment having been affirmed by the Appellate Court, that the action by the court constituted "a functional equivalent of the granting of a motion to restore the case to the docket."
Having reached this conclusion, the Court need not consider the second grounds of the Carringtons for dismissal.
Based on the foregoing, the motion to dismiss is denied.
Robert Satter State Judge Referee