MICHAEL MORIARTY vs. CHARLES F. MASON AND OTHERS.

A committee appointed to find the facts in a suit in equity completed its report, signed it, and delivered it to the respondents' counsel to be filed in court at the opening of the term. The counsel for the petitioner, learning this fact, and knowing that the report must be adverse to his client, filed a withdrawal of the case with the clerk of the court immediately at the opening of court and before the report of the committee had been filed. Held that the case could not then be withdrawn.

And held that it could not have been withdrawn in vacation under the statute allowing such withdrawals, the power to withdraw in vacation not differing from the power to withdraw in open court.

BILL IN EQUITY, brought to the Superior Court in Windham County. Motion in error from a judgment of the court (*Hovey, J.,*) in favor of the respondents. The case is fully stated in the opinion.

*J. Halsey* and *H. Johnson*, for the plaintiff in error, cited Gen. Statutes, p. 418, sec. 14, and *West* v. *Tolland*, 25 Conn., 133.

*J. J. Penrose* and *G. W. Phillips*, for the defendants in error.

CARPENTER, J. This case was referred to a committee who

heard the parties, made a report in writing adverse to the petitioner, and handed the report duly signed by them to the counsel for the respondents. On the first day of the term of the court to which the report was directed, and a short time before the opening of the court, one of the petitioner's counsel was informed by the counsel for the respondents that the report was in their possession. Thereupon the counsel for the petitioner, knowing that the report was in favor of the respondents, drew up a notice in writing, signed by him as counsel for the petitioner, as follows:—

"*Michael Moriarty* v. *Charles F. Mason et al., Trustees.* Petition in Chancery, Superior Court, August term, 1879.

"Notice is hereby given that the petitioner has withdrawn the above entitled case, and the same may be so entered."

This notice was delivered to the clerk of the court about half an hour before the court opened. The Superior Court disregarded the notice of withdrawal, accepted the report of the committee, and rendered judgment for the respondents. The petitioner filed a motion in error.

The notice was insufficient to effect a withdrawal of the case in vacation under the statute. The statute requires that the notice shall specify "the time of the withdrawal," and this the notice fails to do. It bears no date, but being handed to the clerk on the first day of the term and just before the court opened, we must construe it as intended to take effect at the opening of the court and to operate as a withdrawal in term time. Being in the hands of the clerk perhaps the withdrawal should take effect, if at all, the moment that the court opened. The case finds that the report of the committee was handed to the clerk at the opening of the court. We think it may be fairly inferred that the withdrawal, if the case could then be withdrawn, preceded the filing of the report; so that the case may be regarded as presenting the question whether the petitioner, with full knowledge that the report of the committee was against him, that it was completed, duly signed, and in the hands of the adverse party, could withdraw his case and deprive the respondents of a judgment.

Moriarty *v.* Mason.

It is obvious that there are no equities to sustain the petitioner's claim. If sustained at all it must be by force of strict law and against the equities of the case.

For the reason already suggested the statute authorizing the withdrawal of suits in vacation does not aid the petitioner. We may add that we think the statute was intended to give a party the same power to withdraw in vacation that he had in term time. The case turns therefore upon a consideration of the general power of a party to withdraw his cause in open court.

It is obvious that a time must come in the history of all cases prosecuted to final judgment when the plaintiff loses the power to withdraw. That time has never been definitely determined by this court; at least no rule has been established which will apply to all cases. In *West* v. *Tolland*, 25 Conn., 133, it was held that a petition for a highway could be withdrawn at any time before the report of the commissioners was signed and handed to the counsel of the prevailing party, although the commissioners had verbally announced the result to which they had come. The inference from the opinion of the court is, that after the report is completed, signed, and lodged with the clerk or handed to counsel, it may not be withdrawn. We are not disposed to extend the time for withdrawing the case beyond the limits therein indicated.

In this case, when the report went into the hands of counsel it contained the full and perfected judgment of the committee, and it was beyond their power to reverse, change or modify it without the consent of counsel or the order of the court. After that step had been taken to allow the petitioner, knowing the result, to withdraw his case, and thus nullify all that had been done, would be allowing him to take his chances of a favorable result, and if favorable to take the benefit of it, and if unfavorable by his own act to set aside the proceedings and have another trial, and so on indefinitely, until the statute of limitations puts an end to the proceeding.

Such a rule comports neither with justice nor sound law.

There is no error in the judgment complained of.

In this opinion the other judges concurred.