## THE UNION & NEW HAVEN TRUST CO.
(Trustees under the First Mortgage of the Taft Realty Company dated as of October 1, 1935)

vs.

## THE TAFT REALTY COMPANY, ET AL.

Superior Court      New Haven County      File #46649

Present:   Hon. EDWIN C. DICKENSON, Judge.

Wiggin & Dana,                Attorneys for the Plaintiff.

Bronson, Rice & Lyman,        Attorneys for the Defendants.

MEMORANDUM FILED OCTOBER 1, 1936.

DICKENSON, J.   The plaintiff brought an action of fore-closure against the Taft Realty Company and others.   Among the other defendants were the LaVin Company, a lessee and its sublessee, the Western Union Telegraph Company. Upon motion of the plaintiff a judgment was entered January 10, 1936 fixing the amount of the debt and law days for the various defendants.   Possession was not asked by the plaintiff or included in the judgment.   Upon motion of the defendant The Taft Realty Company the judgment later was reopened and the time for redemption extended to give the defendant an opportunity to reorganize.   On July 14, 1936 a plan of reorganization was completed and carried out.   Included in the plan was a release and discharge of the first mortgage by the plaintiff.   The plaintiff now moves that the judgment be opened and vacated and that it be permitted to withdraw the action on the ground that "If the judgment is allowed to stand, serious questions may arise concerning the title, and the rights and duties of the parties", and that having released the mortgage, title should not pass by the judgment.

The Western Union Telegraph Company opposes the motion.   Its first contention in its brief is that the rental in its lease is excessive.   This may be a motive for but is hardly a reason to support its objection.

It contends further that the plaintiff having made an election as to "Whether leases on the property were an asset or a liability" and proceeded to make them parties and foreclose cannot now withdraw its action.   There can hardly be said to be an election of remedies.   The plaintiff brought suit. Its claim was satisfied.   It now asks permission to withdraw its action and clear the record.

The defendant The Western Union Telegraph Company claims its rights are different now than they were at the time the action was begun.   Any effect the granting of the

motion will have upon this defendant will be favorable rather than harmful so far as the issues of the case are concerned. That it may be unfavorable in that it will prevent a wiping out of its lease and a consequent release from an onerous rental cannot, as has been said, be considered as an equitable ground for refusal. The case differs from Moriarity vs. Mason, et al, 47 Conn. 436, in that the present plaintiff seeks to withdraw a case decided in his favor, and not adversely to it and the objecting defendant is not favorably affected by the judgment itself but by a contemplated inability of another defendant to redeem under it. It cannot be said that the proposed withdrawal will "injuriously effect rights of the defendant acquired by reason of the action". **Bristol vs. Bristol Water Co., 85 Conn. 663, 673.**

Boiled down, the situation is this. The plaintiff agreed to do certain things in consideration of a satisfaction of its mortgage. It has received the satisfaction and now seeks to carry out its promises. The defendant The Western Union Telegraph Company has a lease which it considers contains an excessive rental and frankly wishes to be released from it. It is not claimed the lease is inequitable, nor is there any stipulation to that effect. The plaintiff has an equitable ground for its motion and the defendant none in opposition to it.

The Court may open a judgment "for any proper action therein". **Thompson vs. Towle, et al. 98 Conn. 738.** Once opened the case comes under the provisions of Section 5494 and may be withdrawn by leave of court for cause shown. The cause shown by the plaintiff is found to be sufficient. Both parties are agreed the Receiver in the action should be discharged. All prayers of the motion are granted.