## FRANCESCO SALONIA v. MARIA SALONIA

SUPERIOR COURT     MIDDLESEX COUNTY     FILE No. 9794

Memorandum filed January 24, 1949.

*Aaron J. Palmer,* of Middletown, for the Plaintiff.

*Schatz & Weinstein,* of Hartford, for the Defendant.

INGLIS, J. On September 18, 1947, the respondent here instituted the above-captioned action for divorce returnable to the first Tuesday of October, 1947. On September 24, 1947, the present application filed in that action her motion for alimony pendente lite, support of minor child and allowance to defend. That motion was heard on January 9, 1948. No written order

was signed but the docket bears the following notation made by the clerk: "Custody of child to D pending suit; P ordered to pay to D $13 per week temporary alimony and $12 per week for support of child; allowance to defend waived." This record makes it clear that what the court ordered was alimony pendente lite and custody and support of the child pending the suit.

On February 11, 1948, before any hearing was started on the merits of the case, the present respondent filed, by his attorney, a written withdrawal of the divorce action. Since that time he has obtained in Nevada a purported divorce. Prior to the withdrawal of the divorce action the respondent made only one weekly payment under the order of $25. He has made no payment since the withdrawal except that in December, 1948, he paid the applicant the sum of $10 as a result of a threat of prosecution for nonsupport. He acknowledges that he is in arrears under the order for the four payments which accrued prior to the date when he withdrew the action. Accordingly, the only question left to be decieded is whether he was obligated by the order to continue to make payments of alimony and support after he filed his withdrawal of the action.

The first thing to be noted is that all that the court ordered the respondent to do was to pay alimony pending the divorce action and to pay support for the child as incident to the custody of the child which was awarded only pending the suit. Not only is that all that the court ordered but also it was all that the motion upon which the order was entered requested, and, indeed, all that the court was empowered by the statute to order at that time. So far as the alimony was concerned, the statute which authorized it was § 5182 of the General Statutes (Rev. 1930). That section reads that the court "may order alimony pendente lite to be paid to the wife iny any complaint or cross-bill for divorce pending in said court." This is the only provision made by statute for the awarding of alimony while a divorce action is pending, and it provides for alimony only pendente lite. As regards the order for custody and support of the child, the statute under which that order was entered (§ 5184, Rev. 1930) is not quite so specific in limiting the operation of such an order to the time during which the action is pending. It is, however, open to no other interpretation in reason. It could not reasonably be contended that the intent of the statute is that an order for custody and support of children entered while an action is pending would carry over and be effective after final judgment in the

action was entered. In any event, in the present case the order for custody, and therefore the order for support, which is only incident to the order for custody, was made in terms to be "pending suit."

Inasmuch as it is clear that the respondent's obligation under the order to make payments of alimony and support would cease whenever the divorce action itself terminated, it is obvious that the only question involved here is whether the respondent succeeded in terminating the divorce action by filing his written withdrawal of action.

The statute in effect at the time (§ 5494, Rev. 1930) reads as follows: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof." This statute applies to "any action" in "any court." Without question it applies to a divorce action in the superior court.

The right of a plaintiff to withdraw his action before the hearing on the merits as fixed by the statute is absolute and unconditional. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 168. After withdrawal he may be made responsible for costs. General Statutes (Rev. 1930) § 5495. And of course by withdrawing his action he cannot affect the standing of a counterclaim theretofore filed by the defendant. *Boothe* v. *Armstrong,* 80 Conn. 218. In an unusual case such as a condemnation proceeding, the plaintiff may not withdraw after some right has become vested in the defendant by reason of the transfer of the title or possession of the property sought to be condemned. *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 672. But, aside from those qualifications, the absolute right to withdraw is given to the plaintiff. In the present case the right to withdraw was not subject to the payment of costs because in a divorce suit no costs are taxable. In the present case the defendant had filed no cross-complaint. And in the present case no right had vested in her by reason of the pendency of the action except to alimony and support, which right in terms was to continue only during the pendency of the action.

Under our law the effect of a withdrawal so far as the pendency of the action is concerned is the same as that of the entry of final judgment. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* supra, 170. It terminates the pendency of the action.

There are some authorities in other jurisdictions which hold that a plaintiff husband in a divorce action will not be allowed to dismiss his action if he is in arrears in alimoy. *Caldwell* v. *Caldwell,* 189 N. C. 805, 811; *State ex rel. Hunter* v. *Ronald,* 106 Wash. 413. Such cases, however, are decided either under statutes or under the rules of equity which permit withdrawal only with the consent of the court. They are not of any force in a state such as this where the right to withdraw is not conditioned on the consent of the court. *Ex parte Norton,* 118 Tex. 581; *Mason* v. *Mason,* 151 Ga. 468. In *Ex parte Norton,* supra, decided under a statute similar to ours, it was held that the plaintiff husband had the right to withdraw his action even though he was in arrears in his payments of alimony pendente lite. And in *Mason* v. *Mason, supra,* it was held that, where the defendant wife's answer did not ask for alimony or a divorce, her application for temporary alimony was ancillary to and dependent upon the husband's suit and the order granting it terminated upon the dismissal by the husband of his suit.

To summarize: The order upon which the applicant here relies directed the respondent to make payments of alimony and for the support of the child only during such time as the divorce action was pending. The withdrawal of that action by the plaintiff therein was permitted by our statute and such withdrawal operated to terminate the divorce action. Upon such termination of the divorce action, the order ceased to operate so far as any future payments were concerned. Accordingly, the respondent is not in contempt of the court's order by reason of his having failed to make any payments for the support of his wife or child for the period subsequent to the withdrawal of the divorce action.

The hearing in this matter was continued to January 28, 1949. At that time it will be adjudged that the respondent is not in contempt by reason of his having made no payments of alimony or support for the period since February 11, 1948. The question whether he is in contempt for failure to make the payments under the order which accrued prior to that date and, if so, what punishment shall be inflicted therefor will be passed upon at the continued hearing.