[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In recent years, Conn. Gen. Stat. 42-110b, otherwise known as CUTPA, has received a lot of attention. In a nutshell, "CUTPA is a consumer protection statute intended to provide an individual with an action more flexible and a remedy more complete than does common law," Sprayform, Inc. v. Durant's Rental Centers, Inc., 39 Conn. Sup. 78, 79 (Super.Ct. 1983). The scope of CUTPA should be determined by "`the gradual process of judicial inclusion and exclusion.'" Murphy v. McNamara,36 Conn. Sup. 183, 189 (Super.Ct. 1979) (quoting FTC v. R.F. Keppel Bros., Inc., 291 U.S. 304, 312 (1933).
The legislative intent of CUTPA, as expressed in Conn. Gen. Stat. 42-110b(a), is that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
 In determining whether a practice violates CUTPA, the court should employ these criteria: "(1) [W[hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common laws, or otherwise — whether, in other words, it is within at least the penumbra of some common laws, statutory, or other established concept of unfairness; (2) Whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (citations omitted).
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988).
A single act can constitute a CUTPA violation. Plaintiff is not required to plead or prove a series of acts or a pattern of action. In Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 257 (1988), the court held that the defendant violated CUTPA when it dismantled the plaintiff's mobile home instead of bringing a summary process action. In Hardy v. Griffin, 41 Conn. Sup. 283, 287 (1989), the court found that a single lease of a building containing lead paint is a CUTPA CT Page 3334 violation. The court found a CUTPA violation in Lembo v. Schlesinger, 15 Conn. App. 150, 154 (1988) when the defendant failed to return a $2,500.00 deposit for the purchase of a condominium (although the court denied the claim on other grounds). In Glenport Main Corp. v. Covelluzzi, 13 C.L.T. No. 38, pp. 17-18 (Superior Court at Bridgeport, Burns, J., May 8, 1987), the court applied CUTPA to a contract to sell real estate, and to an allegation of slander of title when the contract was recorded on the land records. Judge Walsh, in Cardello v. Reves, 14 C.L.T. No. 24, p. 30 (Superior Court at New London, April 15, 198), held that CUTPA applies to a single act of misrepresentation of the condition of a septic system in a real estate contract, citing for authority Artform, Inc. v. Overnite Transportation Co., 14 C.L.T. No. 11, p. 26 (January 7, 1988). The United States District Court agrees, in applying Connecticut law, and holds that CUTPA affords a remedy for a single act of wrongdoing. Gibbs v. Southeastern Investment Corp., 651 F. Sup. 1419 (D. Conn. 1987); Partners Management Development, Inc. v. Maynard, Civil No. 18-87-191 (slip op., June 13, 1988, Nevas, J.), 14 C.L.T. No. 35, pp 22-23, September 5, 1988. All of the above-cited cases involved single acts, and therefore, the existence of but a single act does not in and of itself prove fatal to plaintiff's claims under CUTPA.
Rather, it is the nature of the act in question that denies it the status of a CUTPA claim. Mere negligence, without more does not violate the act. In Glickman v. Brown, 485 N.E.2d 737
(Mass.App. 1985), the court, interpreting Massachusetts' version of CUTPA, stated that a negligent act standing alone did not constitute a violation of the act. Id. at 741. See also A.G. Foods Inc. v. Pepperidge Farm, Inc., 4 CSCR 163 (January 4, 1989, Maloney, J.) (negligence action is actionable under CUTPA when it results in a deceptive act or trade practice).
The negligence of the defendant as alleged in the complaint shows mere mistake and does not constitute a CUTPA violation. Plaintiff has not alleged that it was a "consumer" in the context of his relationship with the defendant. Further, the common law remedies for trespass and negligence will adequately compensate the plaintiff for his damages. Just as an allegation of a simple breach of contract does not constitute a CUTPA violation, see Luong v. Roy, 16 Conn. L. Trib. No. 33 p. 32 (Super.Ct., July 23, 1990, Goldberg, J.); 1 Sachs v. Magnotti,1 CSCR 879 (October 25, 1986, Higgins, J.); and Jarasek v. Chrysler House Associates Limited Partnership, 4 CSCR 73, 74
(December 3, 1988, O'Connor, J.), an allegation of mere negligence or trespass, without more, is insufficient to state a claim under CUTPA.
Therefore, the defendant's motion to strike counts II and CT Page 3335 IV is granted.
KATZ, J.