[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Prior to the enactment in 1925 of what is now 52-80 of the Connecticut General Statutes, a plaintiff was permitted by statute to withdraw an action at any time before the jury had given a verdict. Although the earlier statutes gave very little guidance in court cases, "it was early recognized that some limitation must be placed upon the right of a plaintiff to withdraw non-jury cases otherwise it would always be in the power of the plaintiff to avoid a judgment against himself when he discovered how it would be rendered." Spears v. Kerars Realty Co., 171 Conn. 699 (1976).
The limitation line was made somewhat more precise by52-80 of the Connecticut General Statutes which provides in part that:
 the plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing of an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown. (emphasis added)
The basis for 52-80 is the law of equity. In Moriarty v. Mason, 47 Conn. 436, 438 (1880), the Court ruled that "a time must come in the history of all cases prosecuted to final judgment when the plaintiff loses the power to withdraw." In that case, the plaintiff in an equitable action attempted to withdraw the case after he found out that judgment in favor of the defendant was about to enter. Noting that the laws of equity could not "sustain the petitioner's claim," the Court concluded that:
 To allow the petitioner, knowing the result, to withdraw his case, and thus nullify all that has been done, would be allowing him to take his chances of a favorable result, and if favorable to take the benefit of it, and if unfavorable by his own act to set aside the proceedings and have another trial. . . .
Id: Spears v. Kerars Realty Co., 171 Conn. 699, 703 (1976); Barra v. Ridgefield Card Gift Gallery, Ltd., 194 Conn. 400, 404
(1984).
Whenever a question of jurisdiction is raised, that issue should be resolved before the court can move on to other matters. This is especially so when subject matter, as opposed to personal jurisdiction is in question Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600 (1985). The determination of the court's CT Page 1594 jurisdiction depends on issues of fact. Lampasona v. Jacobs,7 Conn. App. 639, 642 (1986).
 "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses."
Id. at 642-43. Sasso v. Aleshin, 197 Conn. 87, 89 (1985). However, in this case, the evidentiary hearing on an issue of fact was in regard to the defendant Buhl's motion to dismiss for lack of in personam jurisdiction. The issue was whether Buhl had sufficient contacts with the State of Connecticut to support jurisdiction over him under Connecticut's Long-Arm Statute. And despite the fact that a full evidentiary hearing over several days with several witnesses did transpire, this was still a limited hearing on a limited issue and cannot be transposed into a hearing on the merits.
The language of the statute uses two different phrases which must be viewed together with a view toward reconciliation in order to render a reasonable overall interpretation. La Providenza v. State Employees' Retirement Commission, 178 Conn. 27,29 (1979)
The defendants have focused on whether the hearing before Judge Ryan was a "hearing on an issue of fact" without ever examining whether such a hearing constituted a "hearing on the merits" of the underlying action. Where there is a clear expression of the legislative will, it is not the court's function to substitute its own ideas; rather, the statute must be applied as its words direct. International Business Machines Corp. v. Brown, 167 Conn. 123, 133-34 (citation omitted),
Had the legislature wanted to permit withdrawal anytime an issue of fact had been the subject of a hearing, then the earlier language would have been omitted. By its suggested interpretation, the defendants seek to eliminate or at least, abrogate this preceding language and thereby alter significantly the plaintiff's right to withdraw his action without permission of the court.
This rejection of the defendant's proposed reading of the statute, is consistent with our commonly understood notions of litigation procedure. The court may and indeed is often obligated to decide questions of law raised as preliminary motions prior to trial questions of fact, however, are generally reserved until time of trial See, e.g., P.B. Sec. 384 (Summary Judgments). The phrase "hearing on the merits" refers to the CT Page 1595 trial of the issues of fact raised by the complaint and "joined" by the answer to the complaint.
The dissolution cases addressed to this issue all focus on whether the hearing in issue caused rights to vest. See, e.g., Hinkston v. Hinkston, 6 C.L.T. No. 29 at 18 (July 21, 1980) (wherein the court upheld the plaintiff's right to withdraw the case after the entry of pendente lite orders on the theory that such orders did not affect the ultimate issues in the case and were only intended to provide interim support for a needy spouse); Salonia v. Salonia, 16 Conn. Sup. 86, 88 (1949) (wherein the court held that no right vests in the payee spouse by virtue of pendente lite orders); Maretto v. Maretto, 6 C.L.T. No. 12 (December 6, 1980) (holding that pendente lite orders do create vested rights for the payee spouse); See also, Smith v. Smith,151 Conn. 292 (1964).
Similarly, in Barra v. Ridgefield Card Gift Gallery, supra at 404, the Supreme Court relied on the record which demonstrated that an issue of fact affecting the actual merits of the case had been the subject of court action. This corporate dissolution action filed pursuant to C.G.S. 33-382 called for an application for appraisal of the plaintiff's share of stock pursuant to C.G.S. 33-38a. The application was granted after a hearing which caused the trial court to appoint an appraiser to determine valuation of the petitioner's shares. No hearing by the court itself had begun, but the court-appointed appraiser in the case had completed his appraisal and filed it it with the court. Id. at 403.
This type of corporate dissolution action is controlled by statutory procedure which requires the court to seek its own counsel through an independent appraiser. No trial in the traditional sense takes place.
The trial court relies on the appraisers to receive evidence and recommend a decision on the question of fair value. C.G.S. (33-384 (b)) Once the appraisal is filed, the applicant shareholder may elect to buy the plaintiff's shares at the value designated by the court-appointed appraiser. C.G.S. (33-384 (c)) Therefore, the initial hearing at which the appraiser is appointed, and the actual appraisal itself being filed, were significant steps in the processing of the case on the merits. The matter was well on its way to a resolution and key and instrumental evidence had in effect been submitted to the court by an authority appointed by the court to perform a fact finding function. Therefore, the court easily resolved the issue of whether permission of the court was required to withdraw the case. See also, Spear v. Kerars Realty Co., 171 Conn. at 702-703
(for discussion of the significance of the appraiser commencing CT Page 1596 his fact-finding function).
Because no hearing on the merits of the case had transpired, the plaintiff was within his rights in withdrawing his action without prior approval of the court.
KATZ, JUDGE.