[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER #147
The issue before the court is whether the plaintiff's filing of a withdrawal of his amended complaint acted to withdraw plaintiff's entire action. The answer is yes.
On September 6, 1990, plaintiff Robert Colandrea d/b/a Bob's Landscaping filed this action for breach of contract against defendants Eastland Properties, Inc., Harold Yudkin, and Yudkin Associates. On April 30, 1991, plaintiff moved to cite in as a party defendant Eastland Derby Realty Trust. The court, Fuller, J., granted the motion on June 6, 1991. On June 7, 1991, plaintiff filed an "Amended Complaint" in four counts. On September 4, 1991, plaintiff filed a "Second Amended Complaint" in five counts. On January 13, 1992, defendant Eastland Properties, Inc. filed an answer to the complaint and a counterclaim. On February 5, 1992, plaintiff filed a withdrawal of the "Amended Complaint" only. On May 22, 1992, plaintiff filed a motion for order on the issue of "whether the plaintiff's action was withdrawn or not and that if it was, that the Court order it restored to the docket. . . ." Plaintiff CT Page 8384 filed a memorandum of law along with his motion. Defendant did not filed a memorandum of law.
In his memorandum of law plaintiff makes two arguments. First, plaintiff argues that the withdrawal has no force or effect because plaintiff did not obtain leave of court prior to the withdrawal.
General Statutes 52-80 provides in pertinent part:
 The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown.
In the present case, it is clear that plaintiff withdrew his "Amended Complaint" prior to a hearing on an issue of fact in the action. Contrary to plaintiff's argument, a prejudgment hearing pursuant to General Statutes 52-278a is not a hearing on an issue of fact in the action.
In the case of E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623,356 A.2d 893 (1975), the court characterized a prejudgment remedy proceeding as being "only concerned with whether and to what extend the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of the action." E.J. Hansen Elevator, Inc., supra, 629-30. The standard is "whether or not there is probable cause to sustain the validity of the plaintiff's claim." General Statutes 52-278d(a).
 The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.
 New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098 (1990). "[T]he adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. . . ." Augeri v. C.F. Wooding Co., 173 Conn. 426, 428, 367 A.2d 538 (1977) quoting E.J. Hansen Elevator, Inc., supra, 628-29. Accordingly, it is found that on these facts, leave of court was not required to withdraw the action.
Plaintiff's second argument is that the withdrawal was only as CT Page 8385 to the "Amended Complaint" and not to the "original complaint" or the "Second Amended Complaint".
"The filing of [an] amended pleading is a withdrawal of the original pleading." Royce v. Westport, 183 Conn. 177, 179,439 A.2d 298 (1981). It is clear that plaintiff's filing of a "Second Amended Complaint" acted as a withdrawal of both prior complaints.
It can be argued that the language of the withdrawal lends itself to two interpretations, because at the time the withdrawal was filed there had been three separate complaints filed entitled "Complaint", "Amended Complaint" and "Second Amended Complaint".
This court finds that at the time of filing of the withdrawal there was only the "Second Amended Complaint" in the case. That withdrawal was to withdraw said "Second Amended Complaint". To rule otherwise would require a burdensome stretching of our rules of practice by allowing someone's intention to determine whether a pleading or complaint was withdrawn and not the document itself in accordance with our rules of practice.
So ordered.
William J. McGrath, Judge