[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON:
1. PLAINTIFF'S OBJECTION TO DEFENDANT'S FILING OF PETITION FOR DECREE OF DISSOLUTION AFTER LEGAL SEPARATION (NO. 109);
2. PLAINTIFF'S OBJECTION TO THE DEFENDANT'S WITHDRAWAL OF PETITION FOR DECREE OF DISSOLUTION (NO. 118);
3. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ACTION FOR DISSOLUTION (102); AND,
4. PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS (105)
There are two actions before the court involving the same parties as plaintiff and defendant. The first of these actions, docket number FA93 030 18 75 S, commenced on January 22, 1993 is an action for legal separation upon which judgment was entered on January 3, 1994 before the Honorable Romeo G. Petroni. The second of these actions, docket number FA94 031 66 02 S, commenced on August 30, 1994 is an action for decree of dissolution of the parties' marriage. In addition to the decree of legal separation, orders have been entered in the first action for alimony and child support, custody and visitation and division of property. The second action seeks similar orders in addition to a decree of dissolution of the marriage.
In the first action the defendant, on July 6, 1994, filed a petition for decree dissolving the marriage in which the defendant alleged that the parties have not resumed marital relations and no written declaration of the resumption of marital relations has been filed pursuant to § 46b-65 of the General Statutes. Upon the filing of this petition by the defendant, the plaintiff filed a battery of motions including an objection to the petition for dissolution and motion to open and set aside the judgment, a motion for counsel and expert fees and a motion to enjoin the transfer or disposition of assets. The defendant, in turn, filed a motion for appointment of counsel for the minor children and a Lis Pendens. Plaintiff filed a motion to enjoin the defendant's alleged harassment which brought forth the defendant's objection thereto. The defendant then filed a withdrawal of his petition for dissolution, an objection to plaintiff's motion for counsel and expert fees and a motion for order of production regarding deposition and objections to request for production. The CT Page 11298 plaintiff has filed an objection to the defendant's withdrawal of his petition for dissolution.
In the second action the defendant has filed a motion to dismiss claiming that this court has jurisdiction to proceed pursuant to § 46b-65b upon a petition for dissolution of marriage as provided therein so long as the parties have not reconciled and, therefore, cannot proceed in a new action for dissolution under the provisions of § 46b-40 of the General Statutes.
This court has for consideration the motion to dismiss in the second action, the plaintiff's objection to the defendant's petition for dissolution and the plaintiff's objection to the defendant's withdrawal of his petition.
Involved in the defendant's withdrawal of his petition for dissolution is the provisions of § 52-80 of the General Statutes. That provision of the statutes provides, in part, as follows:
 "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross-complaint or counterclaim filed therein by him, only by leave of court for cause shown."
It is the plaintiff's claim that there was a hearing on July 14, 1994 upon the defendant's petition for dissolution of the marriage. A transcript of the proceedings on July 14, 1994 before Judge Thim has been furnished to the court. This was not a hearing on the merits of the petition, so that the provisions of § 52-80 requiring leave of court after hearing clearly are inapplicable. While the provisions of § 52-80 allow the plaintiff to withdraw any action before the commencement of a hearing, so also may the defendant. The defendant has effectively withdrawn his petition for dissolution.
This is quite different from the case of Maietto v. Maietto, 6 Conn.L.Trib. No. 12, p. 16 (1980). There has been no hearing on any motion since the filing of the petition for dissolution. Since there are other pending motions in this case, i.e. a motion to reopen the judgment claiming fraud, it certainly cannot be said that the withdrawal of the petition is related to judge swapping or that CT Page 11299 the plaintiff is prejudiced in any way by the withdrawal of the petition. It may be likened to the defendant's withdrawal of a cross-complaint. Generally see 7 Rutkin, Effron Hogan, FamilyLaw and Practice, § 20.3.
So much of plaintiff's motion objecting to the filing of the defendant's petition for decree of dissolution of marriage is overruled, now rendered moot by the defendant's withdrawal of that petition. The plaintiff's objection to the defendant's withdrawal of his petition for dissolution of marriage is also overruled.
DOCKET NO. FA94 031 66 02 S DISSOLUTION PROCEEDING
 DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR DISSOLUTION OF MARRIAGE
This motion involves two provisions of the General Statutes, two provisions of the Practice Book and two cases, one being a decision of the Supreme Court in the case of Mitchell v. Mitchell,194 Conn. 312 (1984) and the decision of the Appellate Court in the case of Mignosa v. Mignosa, 125 Conn. App. 210 (1991). The statutory sections involved are § 46b-65(b) and § 46b-40. The Practice Book sections involved are §§ 472 and 473.
Section 46b-65(b) provides as follows:
 "If no declaration has been filed under subsection (a) of this section, then at any time after the entry of a decree of legal separation, either party may petition the superior court for the judicial district in which the decree was entered for a decree dissolving the marriage and the court shall enter the decree in the presence of the party seeking the dissolution."
To be added to the statutory requirement for a decree of dissolution of marriage after a decree of legal separation are two further requirements, one, that the parties have not resumed living together (Mitchell v. Mitchell, supra) and two, that the agreement of the parties entered into at the time of the decree of legal separation continues to be fair and equitable at the time of entry of the decree of dissolution. (Mignosa v. Mignosa, supra.) The Practice Book section 472 incorporated the language of Mitchell
and instead of referring to a declaration as referred to in § 46b-65(b) simply states that the petition shall state whether the parties have resumed marital relations since the entry of the decree. Practice CT Page 11300 Book § 473 requires the court to fix a time for hearing and an order of notice.
Mitchell at page 325 suggests that a party, after obtaining a decree of legal separation may pursue one of two avenues, a petition under § 46b-65 or a new proceeding under § 46b-40 which is the general provision of the statutes allowing a decree of legal separation, dissolution of marriage or annulment.
The language in Mitchell permitting a petition to proceed either under § 46b-65(b) or § 46b-40 has been held to be dicta. Mignosa v.Mignosa, 25 Conn. App. 210 at 214. In Mitchell the parties entered into a separation agreement at the time of the decree of legal separation. After living separately for over a year, the parties began living together again as "husband and wife." Based upon the provisions of § 46b-65(a), once this was called to the court's attention "the decree shall be vacated and the complaint shall be deemed dismissed." In that instance the court held that the plaintiff had to proceed under § 46b-40 of the General Statutes.
In this case the parties have stipulated that they have not resumed living together. While the plaintiff has filed a motion to reopen in the legal separation action, that action presently stands as a valid decree. The court has entered orders in that action for periodic alimony, orders for custody and visitation, orders for support and orders for division of property and entered those orders as recently as January 3, 1994. In such a situation, as long as that judgment and its orders remain outstanding, the plaintiff cannot proceed in a separate action for dissolution of marriage. It may be that that judgment will be reopened, but until that time, that judgment remains in full force and effect. The court is not going to grant the motion to dismiss but enters a stay in the dissolution proceeding until further order of the court.
The plaintiff's objection to the motion to dismiss on the grounds stated is overruled.
EDGAR W. BASSICK, III, JUDGE CT Page 11301