[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff wife filed a Motion to Dismiss the defendant husband's pendente lite motion to establish visitation on the basis that the plaintiff withdrew her complaint seeking a CT Page 5083 dissolution of marriage There is no appellate court decision on this issue. There is a split within the trial court on whether a dissolution complaint can be withdrawn as a matter of right after a pendente lite order has been entered.
FACTS
On January 1, 1997 the plaintiff wife commenced this action seeking a dissolution of marriage, custody and financial orders. The defendant husband was served with the writ, summons and complaint in Connecticut. He filed an appearance by counsel of record. Thereafter, while the action was pending, the plaintiff and the minor children moved from Connecticut to New Hampshire Various motions were filed by the parties. Numerous pendente lite orders were issued by the trial court. Some of the motions required an evidentiary hearing. Orders entered on numerous pendente lite motions The matter has not gone to judgment.
In addition to this Connecticut matter, the plaintiff has commenced a number of injunctive and domestic violence proceedings in New Hampshire; in effect preventing the defendant from going to New Hampshire to visit the children. Visitation has been an ongoing controversy between the parties.
After pendente lite orders concerning visitation were entered by this court on September 1, 1997, the plaintiff withdrew her Connecticut dissolution action. No dissolution action is pending in New Hampshire. On October 1, 1997 the defendant filed a Motion to Establish Visitation. The plaintiff then filed this Motion to Dismiss addressed to the defendant's visitation motion. Both parties filed a Memorandum of Law and appeared at oral arguments with their respective clients on October 14, 1997 on the Motion to Dismiss.
DISCUSSION OF LAW
A family matter is a civil action and is controlled by civil statutory and Practice Book procedures. Smith .v Smith,151 Conn. 292, 297 (1964); Salonia .v Salonia 16 Conn. Sup. 86, 88 (1949). C.G.S. § 52-80 governs the right of a party to withdraw a civil lawsuit:
 If the plaintiff, in any action returned to court and entered in the docket, does not, on or before the opening of the court on the second day thereof, appear by himself or attorney to CT Page 5084 prosecute such action, he shall be nonsuited, in which case the defendant, if he appears, shall recover cost from the plaintiff. The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counter claim filed therein by him, only by leave of court for cause shown.
The trial of the dissolution action has not commenced. The plaintiff's withdrawal was not granted by leave of court for cause shown as required by C.G.S. § 52-80 Therefore, the issue in this case is whether or not the conducting of hearings on pendente lite motions in a dissolution case constitute "commencement of a hearing on the merits thereof". C.G.S. §52-80. A plaintiff's withdrawal of the complaint does not impair a defendant's right to prosecute a pending cross-complaint or counterclaim The defendant may proceed as though the action had not been withdrawn. Boothe v. Armstrong, 76 Conn. 530, 533 (1904)
An appeal from a decision of a trial court is only permitted by statute C.G.S. §§ 52-263, 51-197a, 51-199; State .v Audet,170 Conn. 337, 342 (1976). Apendente lite or otherwise interlocutory order is appealable in two circumstances: 1) Where the order or action terminates a separate and distinct proceeding, or 2) Where the order or action so concludes the rights of the parties that further proceedings cannot alter them.State v. Curcio, 191 Conn. 27, 31 (1983). Using this standard an order of support pendente lite is a final judgment from which an appeal lies. Hiss v. Hiss, 135 Conn. 333, 337 (1949). A pendente lite order for counsel fees is a final appealable judgment.England v. England, 138 Conn. 410, 417 (1951) A pendente lite order for custody care is a final appealable judgment. Id., 418;Madigan v. Madigan, 224 Conn. 749, 757 (1993).
In concluding that temporary custody orders are appealable, the Supreme Court noted that "temporary custody orders are immediately appealable because an immediate appeal is the only reasonable method of ensuring that the important rights surrounding the parent-child relationship are adequately protected." Madigan v. Madigan, supra, 224 Conn. 757. Two years before, the Supreme Court adopted a strong public policy in favor of creating court orders that take into consideration "the needs CT Page 5085 of the minor children for continuity, stability and well-being, as well as the need of the parent who appeals for a fair opportunity to present his or her case." Yontef v. Yontef,185 Conn. 275, 293-94 (1981). Public policy goes further and disavows any self-help remedies. "These legitimate needs are not, in all probability, apt to be protected if dissatisfied parties are able to intervene unilaterally, without judicial supervision, to effect changes in custody pending appeal." Id., 294.
The plaintiff has filed a Motion to Dismiss which impacts jurisdiction. "When a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters" Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600 (1985). C.G.S. § 52-80 was passed by the legislature in 1925 "Prior to the enactment in 1925 of what is now § 52-80, 1925 Public Acts, chapter 163, a plaintiff was permitted by statute to withdraw an action at any time before the jury had given their verdict. . . . That statute obviously provided little guidance in cases which did not involve a jury, although it was early recognized that some limitation must be placed upon the right of a plaintiff to withdraw an action in a nonjury case, otherwise it would always be in the power of the plaintiff to avoid a judgment against himself, when he had discovered how it would be rendered." Spears v. Kerars RealtyCo., 171 Conn. 699, 703 (1976); Murray IBM Corporation,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket Nos. 0107981, 0107653 and 0107618 (February 21, 1991, Katz, J.);3 CONN. L. RPTR. 290, 6 CSCR 363; 1991 Ct. Sup. 1592. The statute was later amended to its present form to prevent the unilateral withdrawal after the commencement of a hearing on the merits.
C.G.S. § 52-80 is an equitable statute. "A time must come in the history of all cases prosecuted to final judgment when the plaintiff loses the power to withdraw." Moriarty v. Mason,47 Conn. 436, 438 (1880). "To allow the petitioner, knowing the result, to withdraw his case, and thus nullify all that has been done, would be allowing him to take his chances of a favorable result, and if favorable to take the benefit of it, and unfavorable by his own act to set aside the proceedings and have another trial . . ." Id., 438. In the present case, the defendant husband argues that, in fact, this is exactly what the plaintiff has done. She has filed the lawsuit seeking a dissolution and requesting orders of custody and visitation. Dissatisfied with the court orders of visitation, she has moved to New Hampshire, filed pre-emptory strike motions in New Hampshire to prevent the CT Page 5086 defendant husband from exercising visitation, subjected him to arrest in New Hampshire and withdrawn the dissolution lawsuit in Connecticut to deprive him of visitation.
The plaintiff argues that where a case has been withdrawn, the court, unless it has restored the case to the docket, cannot proceed with it further, unless and until the case has been restored to the docket either by stipulation or upon the granting of a motion to restore it upon a proper showing. Lusas v. St.Patrick's Roman Catholic Church Corp, 123 Conn. 166, 170 (1937). The withdrawal of the action "effectively erased the court slate clean as though the action had never been commenced." H. G. BassAssociates. Inc. v. Ethan Allen. Inc, 26 Conn. App. 426, 431
(1992). "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by C.G.S. § 52-80, is absolute and unconditional." Id., 431. The plaintiff's withdrawal "does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced." Matey v.Waterbury 24 Conn. App. 93, 96-97 (1991) The plaintiff points to a number of trial court decisions terminating further proceedings in a dissolution action not having gone to judgment, no trial hearing commencing, no cross-complaint filed and pendente lite orders having been entered.
CONCLUSION
Although not exactly on point, the Supreme Court has discussed this issue in case of Smith v. Smith, 151 Conn. 292
(1964). While a legal separation action was pending in Connecticut and pendente lite orders had been issued, a Nevada court granted a divorce to the appearing parties. The Nevada action was commenced by the husband after the wife's Connecticut legal separation action commenced. The Connecticut Supreme Court then held that the pendente lite alimony orders in Connecticut continued to accrue until the date of the Nevada judgment. The court noted that both parties appeared in Nevada. The court further held that such installment payments on the Connecticut pendente lite orders as they accrued up to the date of the Nevada judgment became, in effect, a debt, and could, therefore, become the subject of contempt proceedings even though the legal separation action upon which they were based had terminated by virtue of the Nevada judgment. "No basis exists for any differentiation in this respect between Connecticut orders made as incident to a final decree of divorce and those granted pendente lite, since each type of order carries out the CT Page 5087 fundamental objective of providing the wife with current support. Indeed, a Connecticut order for alimony pendente lite has been held to be the proper subject of an appeal." Smith v. Smith,supra, 151 COM. 297 (citing Hiss v. Hiss, supra).
A number of cases have discussed whether various pretrial procedures are a "hearing on an issue of fact in any such action" and/or a "hearing on the merits thereof". The unilateral filing of a stock appraisal was held not to be a hearing on an issue of fact in any such action since there was no court order requiring the appraisal. Spears v. Kerars Realty Company. Inc., supra,171 Conn. 704. Spears involved a dispute among the eight shareholders of Kerars Realty Company, Inc In 1968 two shareholders, the plaintiffs, filed suit and petitioned the court pursuant to C.G.S. § 33-382 to wind up the affairs of Kerars Realty Company, Inc. The remaining shareholders filed a statutory application for the appointment by the court of an appraiser to determine the fair value of the plaintiff's shares. No court order was entered. No hearing was held. Five years later the defendants filed their own appraisal with the court. The plaintiffs immediately withdrew their petition for winding up. The trial court sustained the remaining shareholders' objection to the withdrawal and ordered the plaintiffs' shares of stock to be sold to the remaining shareholders pursuant to the filed appraisal report.
The Supreme Court reversed and found that the plaintiffs properly withdrew their action, without seeking court appraisal. The Supreme Court held that the "the appraisal of the petitioner's shares is ancillary to the winding up action". Id, 702. In dicta, the court held that a court order on the defendant's appraisal application would be a hearing on the merits and thus prevent unilateral withdrawal. The Supreme Court also noted "[u]nder the peculiar facts of the present case, we are not convinced that the plaintiffs' right to withdraw their action was ever terminated." Id., 704
In another corporate windup case, the Superior Court held that the filing of the appraisal report by the defendant shareholders after a court hearing held to order the appraisals, satisfied the "commencement of a hearing" standard. The withdrawal by the plaintiff of the windup petition was valid under C.G.S. § 52-80 only when a court found cause for withdrawal. Barra v. Ridgefield Card Gift Gallery, Ltd,194 Conn. 400, 404 (1984). CT Page 5088
An evidentiary hearing on a Motion to Dismiss on the issue of in personam jurisdiction is not sufficient to prevent a unilateral withdrawal of action under C.G.S. § 52-80 This is so despite the fact that a full evidentiary hearing took place over several days. It was held to be a limited hearing on a limited issue and not a "hearing on the merits". Murray v. IBMCorporation, supra, 1991 Ct. Sup. 1592.
A Prejudgment Remedy hearing pursuant to C.G.S. 52-278a is not a "hearing on an issue of fact," pursuant to C.G.S. §52-80; Colandrea v. Eastland Properties. Inc, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 033271 S (September 3, 1992, McGrath, J.), 7 CONN. L. RPTR 281,7 CSCR 1090, 1992 Ct. Sup. 8383.
The court sustained a demurrer filed by the defendant against the plaintiff's action. The plaintiff failed to plead over. The court held a hearing on November 1, 1963 and a judgment was rendered on the defendant's motion. The plaintiff, on November 2, 1963, filed a withdrawal of action. It was held that the withdrawal was not effective under C.G.S. § 52-80. Carvettev. Fidelity Deposit Company of Maryland, 152 Conn. 697, 699
(1964).
This split of trial court opinions on the issue is noted inHinkston v. Hinkston, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket Number 230458 (June 27, 1980, Barall, J.), 6 C.L.T. 18 (July 21, 1980). The plaintiff husband in Hinkston brought a lawsuit returnable April 17, 1979 in Connecticut for dissolution of marriage. The defendant wife moved for support and alimony pendente lite. On July 13, 1979 the court ordered custody and support pendente lite to the defendant wife. The defendant never cross complained. At some time, thereafter, the plaintiff, without notice to the defendant or permission from the court, withdrew the action In 1980 the defendant cited the plaintiff or contempt for failure to make support payments.
Two issues were raised: 1) Could the plaintiff withdraw the dissolution unilaterally without permission of the court after the issuance of pendente lite orders, and 2) Could the defendant proceed with a contempt citation after such withdrawal for failure to comply with the pendente lite orders? The trial court clearly answered the question that the plaintiff can be held in CT Page 5089 contempt for the unpaid pendente lite orders outstanding at the time of withdrawal despite the fact the court felt that the plaintiff had the unilateral right to withdraw the dissolution action. Judge Barall noted the split of authority in two previous trial court decisions. Judge Pickett in Maietto v. Maietto,
Connecticut Law Tribune, 16, March 24, 1980, held that the plaintiff could not unilaterally withdraw after the entry of pendente lite orders. Judge Inglis in Salonia v. Salonia16 Conn. Sup. 86 (1949) held that the plaintiff could withdraw his action unilaterally without the permission of the court after the issuance of pendente lite orders. Salonia involved the usual pattern. In Salonia, the plaintiff husband withdrew one month after the pendente lite orders of custody, support and alimony were ordered in favor of the defendant wife. The withdrawal, though, occurred after the plaintiff had obtained a divorce in another jurisdiction. The trial court held that the plaintiff husband after the withdrawal could not be held in contempt for subsequent non-payment, citing Lusas v. St. Patrick Roman'sCatholic Corp, supra, 123 Conn. 170.
The mere filing of a pendente lite motion for counsel fees to defend was not "the commencement of a hearing". Lytwinick v.Lytwinick, 21 Conn. Sup. 497, 500-01 (1959). An early March 1959 divorce action filed by the plaintiff husband was responded to by the defendant wife filing a Motion for Counsel Fees Pendente Lite on March 31, 1959. The motion was not heard. After informal discussion in chambers, counsel marked the motion off. No pendente lite orders were entered. On October 23, 1959, just prior to trial, the plaintiff filed a withdrawal of action. Thereafter, the defendant filed another motion for counsel fees and a motion to restore the case to the docket. Both motions were denied citing Salonia and Lusas. "Public policy demands that lawsuits once withdrawn, especially actions for divorce, should not be restored to the court docket except to prevent an obvious destruction or impairment of a right in another created by such action. This is not such a case." Id., 501.
A hearing on a pendente lite motion has been recently held not to be a "hearing on an issue of facts," thereby preventing the plaintiff from withdrawing his dissolution action. Paparellov. Paparello, Superior Court, judicial district of Hartford/New Britain of New Britain, Docket No. 0478476 S (January 6, 1998, Gaffney, J.), 4 Conn. Ops. 134 (February 1, 1998),21 Conn. L. Rptr. 111 (March 2, 1998). The unilateral withdrawal of the action was permitted even though there was no pending motion for CT Page 5090 contempt against the plaintiff for failure to comply with a pendente lite order. The defendant wife did not file a cross-complaint. The court relied on Salonia and Lusas.
In Marsillo v. Marsillo, the defendant on July 6, 1994 petitioned for a decree dissolving the marriage after an earlier January 1994 decree of legal separation. The plaintiff filed a battery of motions and the defendant then withdrew the petition. A court hearing had been held on July 14, 1994 before another judge, which the trial court held was not a hearing on the merits of the petition. The defendant's unilateral withdrawal was held effective. Marsillo v. Marsillo, Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 0301875 S and 0316602 S (November 7, 1994, Bassick, J.), 12 CLR 665,1994 Ct. Sup. 11297. Judge Bassick noted that this was quite different from Maietto v. Maietto, supra, wherein the pendente lite orders were held to be a "hearing on an issue of fact" and "a hearing on the merits".
The language of C.G.S. § 52-80 uses two different phrases: A "hearing on an issue of fact" and "a hearing on the merits". One of the considerations of whether or not there has been "a hearing on the merits" in family cases is whether rights have vested. Id., 1595; Murray v. I.B.M. Corporation, supra,1991 Ct. Sup. 1595.
In Hawkins v. Hawkins, a July, 1993 dissolution action resulted in a September, 1993 pendente lite alimony orders in favor of the defendant wife. At trial on March 24, 1995, the plaintiff filed a unilateral withdrawl of the dissolution action after the trial court denied the plaintiff's motion for recusal. Immediately thereafter the defendant filed a manuscripted cross-complaint. The trial court held that the withdrawal was ineffective since the September, 1997 hearing entering the pendente lite orders was a hearing on an issue of fact and a hearing on the merits. Hawkins v. Hawkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0306157S (April 12, 1995, Petroni, J.), 14 CLR 50, 1995 Ct. Sup. 4461.
The plaintiff could not withdraw the dissolution action without court permission after temporary alimony orders had been previously entered. Kinderman v. Kinderman, Superior Court, judicial district of Stamford/Norwalk, Docket NO. 0085319 (October 9, 1987, Cioffi, J.). CT Page 5091
Is a pendente lite hearing in a marital action a "hearing on an issue of fact" as contemplated by C.G.S. § 52-80?
Arguments in favor:
 1. Pendente lite orders of custody, visitation, alimony, child support and attorney fees are final appealable judgments.
 2. The court has no power to retroactively modify such pendente lite orders.
 3. Eleven out of the thirteen statutory criteria as to permanent alimony (C.G.S. § 46b-82) apply to pendente lite alimony (C.G.S. § 46b-83): "The causes for the annulment, dissolution of the marriage or legal separation" and "the award, if any, which the court may make pursuant to 46b-81" are not pendente lite alimony criteria.
 4. The essential nature of custody, visitation, alimony and child support is temporal, and no final judgment can affect these orders for the period of time they are in effect.
 5. Pendente lite orders can be continued, if so ordered, in the final decree.
 6. The child support guidelines are the same for pendente lite child support and final decree orders of child support.
 7. The statutory critena for child support is identical for both pendente lite and final orders.
 8. The statutory criteria for custody is identical for both pendente lite and final orders.
 9. Eleven of the thirteen statutory criteria as to permanent counsel fees applies to pendente lite counsel fees.
 10. The party obligated to pay pendente lite alimony is not entitled to reimbursement even if the issues ultimately are of the pendente lite obligated party.
 11. The essential nature of the pendente lite orders is the same as the final decree except for property distribution.
CT Page 5092
 12. More substantial court time is spent resolving pendente lite family matters than pretrial motions in civil cases.
Arguments against:
1. Pendente lite orders terminate at the final decree.
 2. Facts found in a pendente lite hearing do not bind the trial court in the final decree.
 3. Pendente lite orders do not bind the trial court in the final decree.
 4. Two statutory criteria in alimony, cause and the final property award, are not statutory criteria in the consideration of pendente lite alimony.
 5. The same two statutory criteria, cause and the final property award, are not statutory criteria in the consideration of pendente lite counsel fees.
 6. The term "pendente lite" means pendancy of the suit and, by Black's Law definition, are not the merits of the case.
 7. The trial court in a final decree can enter orders of alimony and child support without the need to find a substantial change in the circumstances of either party.
 8. Pendente lite and final orders may have no relationship to one another.
The issues raised by this case can easily be resolved by each family defendant, immediately upon service, filing an answer and cross-complaint. The answer may, in fact, just admit the allegations of the complaint and the cross-complaint may contain word for word the allegations of the complaint. The civil rules engrafted onto family cases offer unilateral withdrawal protection. The Lusas rule is an anachronism in this day of"no fault" dissolution as it does not, on its face, provide sufficient protection to family rights secured by pendente lite orders.
Balancing the various factors, this court gives greater weight to the appealability of the order and the necessity for CT Page 5093 maintaining family continuity. This court concludes that those pendente lite orders and the hearings thereon satisfy the requirements of C.G.S. § 52-80 of "the commencement of a hearing on the merits thereof".
The Motion to Dismiss is denied.
The effect of the denial of this Motion to Dismiss is to reestablish on the docket the Motion to Establish Visitation. The Motion to Establish Visitation is ordered to be reclaimed by the defendant husband. Since the plaintiff did not obtain court permission to withdraw after "the commencement of a hearing on the merits", the court orders, sua sponte, the plaintiff's action to be reinstated, effective immediately.
So ordered.
KEVIN TIERNEY, J.