[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above matter was returnable to this court on October 26, 1999. In her complaint, the plaintiff wife ("wife") alleges, inter alia, that "she resides in Connecticut and will have been a resident of this State for more than twelve (12) months prior to the entry of a decree of dissolution." The marriage took place in New York, and the defendant husband ("husband") was then and continues to be a resident of that state. During the pendency of this action, the wife has since moved back CT Page 13969 to New York. The parties have one minor child, JAMES MICHAEL HOLTZMAN,
who was born in Connecticut since the return date, on April 14, 2000. It is around this child that the litigious tempest swirls. Although the husband initially contested the in personam jurisdiction of this court, this argument was later effectively waived, and the parties have continued to file numerous motions pendente lite. of more significance is the fact that they were able to resolve their differences on at least three occasions (April 17, 2000, September 5, 2000, and January 29, 2001) when they asked the court to approve pendente lite agreements. These all became orders of the court. The initial agreement (#113) encompassed the residence of the child with the mother, visitation with the father, health insurance for the child, and temporary support. The second agreement (#124) was a grant of the husband's motion for conciliation and a mechanism for choosing a marriage counselor. The last agreement (#134) was a custody determination, to wit: joint legal custody with physical residence with the wife, along with unsupervised visitation with the husband. The mother also agreed to withdraw the New York restraining order. On April 10, 2001, the wife filed a Withdrawal of the action (#141), and the husband has asked the court to void the withdrawal and restore the case to the docket. The wife has filed a separate action for dissolution of marriage in New York which is currently pending.
The issue before the court is whether or not the wife may withdraw her action as of right pursuant to Section 52-80 C.G.S., without a finding by the court of good cause. She advances a three — point argument, to wit: 1) that there has been no hearing on the merits, 2) that the court lacks subject matter jurisdiction, and 3) that the court lacks continuing jurisdiction regarding custody.
 LAW
1) Do the pendente lite agreements constitute a hearing?
Section 52-80 C. G. S. provides in part that after the commencement of the action but prior to the commencement of "a hearing on the merits," the plaintiff may withdraw the complaint as of right. However, after the commencement of"a hearing on an issue of fact," the complaint can only be withdrawn with leave of court for cause shown. No distinction is drawn between the two phrases, and the court attaches the most significance to the word "hearing" which is common to both. Where as here, there have been numerous contested pendente lite motions implicating custody, visitation, support, health insurance, and counseling, where there has been an opportunity to be heard; and where all of the disputes have been resolved by agreement pursuant to the established procedures of the Superior Court, has there been a hearing on the merits as encompassed by the statute? This question has arisen on several occasions in the CT Page 13970 Superior Court, and there is a split of authority One of the clearest and most comprehensive discussions of the issue is the decision of Judge Tierney in Green v. Green, 1998 Ct. Sup. 5082, 22 CLR 175 (J.D. Stamford/Norwalk, April 27, 1998). This court finds it to be most persuasive.
The definition of a hearing in the family context should be construed in a broad sense. The Appellate Court most recently found that a bearing is "any oral proceeding before a tribunal." Tevolini v. Tevolini66 Conn. App. 16, (October 2, 2001), citing Rybinski v. StateEmployee's Retirement Commission, 173 Conn. 462, 470 (1977). In family cases involving contested issues like alimony and support, and particularly, custody and visitation, it is in the public interest that, wherever possible, parties should be encouraged to resolve their differences amicably with the assistance of their attorneys, family relations, special masters, judicial conferences, or any other available resource. Moreover, as here, where a minor child is involved, it is in the child's best interest, that such agreements, even temporary ones, should be upheld. The resolution of conflict, which is so harmful to children, is a goal to which all should aspire. Such agreements are enforceable through the contempt powers of the court and are appealable as final judgments. Madigan v. Madigan 224 Conn. 749, 757 (1993). One party should not be permitted to thwart such an agreement or orders entered pursuant to it, by unilaterally withdrawing the action, at least not without a hearing on the merits. If such a case is withdrawn without provision for custody and visitation, the pendente lite orders lapse and are no longer effective. This result would breed chaos and uncertainty where stability and certainty are called for.
The court finds that, under the facts and circumstances of this case, there has been on at least three occasions, a hearing on the merits within the meaning of Section 52-80 C.G.S.
2) Does the court have subject matter jurisdiction?
The Superior Court has subject matter jurisdiction over all family law matters as defined by General Statutes § 46b-1. While neither party can confer subject matter jurisdiction on the court, once that jurisdiction has been established, the court is free to exercise the same within statutory bounds. Rosenfield v. Rosenfield, 61 Conn. App. 112,116, 762 A.2d 511 (2000). Moreover, "every presumption favoring jurisdiction should be indulged." Amodio v. Amodio, 247 Conn. 724, 728,724 A.2d 1084 (1999). Here, both parties have between them placed before the court the issues of alimony, child support, custody, and visitation. Specifically, Sections 46b-44 (a) and (b) C.G.S. provide that a complaint for dissolution of marriage can be filed "at any time after either party CT Page 13971 has established residence in this state," and that temporary relief can be granted pursuant to Section 46b-56 C.G.S. (custody and visitation) and Section 46b-83 C.G.S. (alimony and support). Here, pursuant to law, the court has exercised its jurisdiction and has entered temporary orders based upon the agreements of the parties. Whether or not the court can or should ultimately exercise its power to grant a dissolution of marriage and enter permanent orders is a question to be determined by it based upon the facts and circumstances as of the date of trial.
3) Does the court have continuing jurisdiction regarding custody?
Under Section 46b-115l of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") the court which entered the initial custody decree has exclusive continuing jurisdiction to modify that decree. Since Connecticut was the residence of the minor child immediately following his birth, by definition, Connecticut had the power to enter an initial decree. Section 46b-115a(7), which it did. This order remains in full force and effect until such time as the court makes a finding that Connecticut no longer has jurisdiction or no longer chooses to retain jurisdiction. For instance, where neither party and the minor child no longer reside in Connecticut, the court no longer has exclusive continuing jurisdiction. However, it may still retain some jurisdiction jointly with one or more other states. 46b-115k Accordingly, in a situation as found here, the court must determine the extent of its jurisdiction, if any, and whether or not a sister state stands ready and able to exercise it. This is determination is best made by contact with the other state (46b-115h), and through a hearing where all parties are afforded the opportunity to be heard (46b-115o). The current pendentelite orders entered herein remain the benchmark for this or any other court to either enforce or modify, and they should nut be allowed to lapse. Section 46b-115e C.G.S.
 ORDER
FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED THAT:
The defendant's Motion to Restore the case to the Docket is HEREBY GRANTED as of the date of this Order, and furthermore the court HEREBY ORDERS that the matter be scheduled for the next available date to hear argument as to whether of not the court should retain jurisdiction regarding custody and visitation under Sections 46b-115l and 46b-115k
C.G.S.
THE COURT
SHAY, J. CT Page 13972