******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

LAW OFFICES OF FRANK N. PELUSO, P.C.
*v.* JERRY P. COTRONE
(AC 39304)

Lavine, Sheldon and Prescott, Js.

*Syllabus*

The plaintiff brought this action against the defendant, a former client, for unpaid legal fees. After the defendant filed a counterclaim, the plaintiff filed a request to revise the defendant's special defenses and counterclaim, and no further action was taken in the case by either party until the plaintiff filed a withdrawal of its action approximately three years later. Two days after the plaintiff withdrew its action, the plaintiff filed a withdrawal of the withdrawal of its action. Subsequently, the defendant filed an objection to the plaintiff's withdrawal of the withdrawal of its action, claiming that a withdrawal of a withdrawal was not a proper pleading to restore the plaintiff's action to the docket. Following a hearing, the trial court overruled the defendant's objection, and the matter was thereafter tried to the court, which found in favor of the plaintiff on the complaint and the counterclaim, and awarded the plaintiff damages. On the defendant's appeal to this court, *held* that the trial court abused its discretion in restoring the plaintiff's action to the docket after the plaintiff filed a withdrawal of its action, in the absence of a timely filed motion to restore: pursuant to statute (§ 52-212a), the plaintiff had four months from the date of the filing of the withdrawal of its action to file a motion to restore the case, which the plaintiff failed to do, and there was no basis in the record for the trial court to treat an electronic notation on the docket list as an erasure of the plaintiff's withdrawal of action and the restoration of its action to the docket, nor did the record show that the court ever took any action on the plaintiff's withdrawal of the withdrawal of its action or that it informed either party that the matter had been restored; moreover, the plaintiff's claim that the trial court exercised direct authority over the case when it considered the plaintiff's motions for nonsuit and to dismiss was unavailing, as the plaintiff failed to file any pleading in furtherance of its action following its purported restoration of the case until two years later, and even then, the plaintiff did not file any motion that required any action by the court that could have been construed as implicitly restoring the case to the docket.

Argued October 5—officially released December 5, 2017

*Procedural History*

Action to recover damages for, inter alia, breach of contract, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a counterclaim; thereafter, the plaintiff withdrew its action; subsequently, the plaintiff filed a withdrawal of its withdrawal of action; thereafter, the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, denied the plaintiff's motion to dismiss the defendant's counterclaim; subsequently, the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, overruled the defendant's objection to the plaintiff's withdrawal of its withdrawal of action; thereafter, the matter was tried to the court, *Heller, J.*; judgment for the plaintiff on the complaint and on the counterclaim, from which the defendant appealed to this court; subsequently, the court, *Heller, J.*, denied the plaintiff's motion for termination of stay of execution. *Reversed*; *judgment directed.*

*Haldan E. Connor, Jr.*, for the appellant (defendant).

*Paul Ciarcia*, with whom, on the brief, was *Frank N. Peluso*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. The defendant, Jerry P. Cotrone, appeals from the judgment rendered after a bench trial in favor of the plaintiff, Law Offices of Frank N. Peluso, P.C., awarding damages in the amount of $32,119.06 on the plaintiff's claim for unpaid legal fees. The defendant claims on appeal that the court erred in restoring the plaintiff's case to the docket, in the absence of a timely filed motion to restore, after the plaintiff filed a withdrawal of its action. We agree with the defendant and, thus, reverse the judgment of the trial court.

The following procedural history is relevant to the defendant's claim. The plaintiff brought this action against the defendant for legal fees by way of writ, summons and complaint on May 19, 2009. The defendant appeared through counsel on April 6, 2010, and filed an answer and special defenses to the plaintiff's revised complaint and a counterclaim on September 22, 2010. The plaintiff sought, and was granted, an extension of time within which to file a responsive pleading, and on October 14, 2010, filed a request to revise the defendant's special defenses and counterclaim.

No further action in this case was taken by either party until the plaintiff filed a withdrawal of its action on September 17, 2013. Two days later, on September 19, 2013, the plaintiff filed a second withdrawal form that purported to withdraw its withdrawal of the action. On October 15, 2013, the defendant filed an amended counterclaim.

On February 26, 2015, the court issued a notice to the parties scheduling "[a] hearing to address the dormancy status of this case" for March 27, 2015. On the latter date, the court, *Mintz, J.*, ordered that the plaintiff file an answer to the defendant's counterclaim on or before April 17, 2015, and that the defendant reply, if necessary, by May 1, 2015. The court further scheduled a pretrial for May 6, 2015. In accordance with the court's order, the plaintiff filed an answer and special defenses to the counterclaim on March 27, 2015, to which the defendant filed a reply on May 1, 2015. On March 30, 2015, the plaintiff filed a motion to dismiss the defendant's counterclaim for lack of subject matter jurisdiction. On April 2, 2015, the plaintiff filed a reply to the special defenses filed by the defendant on September 22, 2010. On May 5, 2015, the plaintiff filed a certificate of closed pleadings and claimed the case to the trial list.

On May 6, 2015, the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, issued a notice scheduling a hearing on the plaintiff's motion to dismiss the defendant's counterclaim for May 15, 2015.[1] That notice also provided: "The court will also take up [an] objection to the withdrawal [of the withdrawal of the action] (to be filed on or before [May 13, 2015]) and any objection to the objection to the withdrawal [of the withdrawal

of the action] (to be filed no later than 9:30 a.m. on [May 15, 2015]).”

On May 12, 2015, the defendant filed an objection to the plaintiff's motion to dismiss its counterclaim. On May 13, 2015, the defendant filed an objection to the plaintiff's withdrawal of its withdrawal of its action, in which it argued that the plaintiff's withdrawal of its withdrawal of its action was not a proper pleading to restore its action to the docket. The defendant reasoned that, because a withdrawal is equivalent to a final judgment, a withdrawn case can be restored to the docket upon the filing of a motion to open judgment or a motion to restore to the docket within four months of the withdrawal as required by General Statutes § 52-212a.

On May 14, 2015, the plaintiff filed its reply to the defendant's objection to the withdrawal of the withdrawal of its action. The plaintiff asked the court therein to “accept [its] rescinding of its withdrawal of action and [allow its] complaint to proceed as it were.” In support of that request, the plaintiff argued that “post-withdrawal pleadings are permissible in the state of Connecticut,” pointing, by way of example, to motions for attorney's fees that are permitted by Practice Book § 11-21. The plaintiff argued that a court's consideration of a motion filed after a case is withdrawn implicitly constitutes the granting of a motion to restore the case to the docket.

At the May 15, 2015 hearing, the court issued its order on the withdrawal issue from the bench.[2] The court held: “Since neither side pursued the case [for approximately three years, from the date that the plaintiff filed a request to revise the defendant's counterclaim and special defenses, to the date on which the plaintiff withdrew its action], a fair interpretation was that neither side was interested in the case. The plaintiff, after a phone call to the defense counsel, left a [voice] message that the plaintiff was withdrawing the case with the expectation that the defendant would do so also. It did not, however, happen.

“It's clear to this court that the plaintiff did not intend to withdraw the case without an entire withdrawal of the case. This withdrawal apparently was thereafter addressed by defense counsel and a clear reading of the pleadings in the case show that pleading 121 was the withdrawal of the action and the court thereafter withdrew the action and thereafter in pleading 122 was the withdrawal of the withdrawal.

“Pleading 121.02, however, for this court, is important because what it says is and I read from the computer printout because there is no elaboration in the record otherwise available. It says: ‘Replace record to pleading status (keypoint 2) and erase all [higher] keypoint dates.’ That's 121.02. That means that that was subsequent to 121 which was the withdrawal of action. And

if that means erase all [higher] keypoint dates, that effectively means that the withdrawal of action was erased by the court and that the question of the withdrawal of the withdrawal is less significant because it does appear that, in fact, the case was restored to the docket.

"The philosophy of the court concerning pleadings has become substantially liberal. In the old days of the practice, you served within [twelve] days of the return day the writ, summons and complaint and returned it to the court within six days. Failure to comply and you lost. The case was dismissed.

"Now, we allow amendment of these dates and they . . . no longer fail. Trials are our way of deciding issues. This case is best tried with all the issues before the trier of fact, the complaint and the counterclaim and all other issues.

"The court has reviewed *Rosado* v. *Bridgeport* [*Roman Catholic Diocesan Corp.*, 276 Conn. 168, 884 A.2d 981 (2005)], and the case there seems to substantiate the position that case activity restored the case implicitly to the docket.

"There were documents in a withdrawn and settled case . . . that were referred to by the court thereafter and certainly, in this case, there has been activity in the case by both sides and as the court pointed out, there was reference to the underlying case in subsequent pleadings and the pleadings were addressed accordingly but not to say why are you raising that because the case has already been withdrawn.

"Accordingly the court finds the pleadings—finds that the pleading in this action—the complaint pleading in this action is pending. The court finds substance over form as to the withdrawal. The court finds the defendant is not prejudiced by the complaint still pending and the court finds the plaintiff would be prejudiced by not allowing the complaint to be pending." The court thus overruled the defendant's objection to the plaintiff's withdrawal of the withdrawal of its action.

This action, including the plaintiff's claims and the defendant's special defenses thereto and the defendant's counterclaim, was tried to the court, *Heller, J.*, on December 8, 2015. By way of a written memorandum of decision filed May 25, 2016, the court found in favor of the plaintiff on its claims and the defendant's counterclaim and awarded damages in the amount of $32,119.06. This appeal followed.

On appeal, the defendant claims that the court erred in restoring the plaintiff's action to the docket, in the absence of a timely filed motion to restore, after the plaintiff filed a withdrawal of its action. We agree.[3]

"The question of whether a case should be restored to the docket is one of judicial discretion." (Internal

quotation marks omitted.) *Travelers Property Casualty Co. of America* v. *Twine*, 120 Conn. App. 823, 826, 993 A.2d 470 (2010). "To the extent that the trial court has made findings of fact [underlying that discretionary ruling], our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Ravetto* v. *Triton Thalassic Technologies, Inc.*, 285 Conn. 716, 735, 941 A.2d 309 (2008).

"Withdrawals are analogous to final judgments. . . . Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *Sicaras* v. *Hartford*, 44 Conn. App. 771, 775–76, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). "[T]he motion to restore a case to the docket is the vehicle to open a withdrawal, while the motion to open is the vehicle to open judgments." (Internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 276 Conn. 196. Section 52-212a, which provides that civil judgments may only be opened or set aside within four months of the date they were rendered, "is applicable not only to the opening of a case that has proceeded to judgment but also to the restoration of a withdrawn case." Id. Accordingly, "a motion to restore a withdrawn case is seasonable only if it is filed within four months of the withdrawal." *Palumbo* v. *Barbadimos*, 163 Conn. App. 100, 116 n.15, 134 A.3d 696 (2016).

Here, the defendant claims that the court improperly restored the plaintiff's action to the docket despite the plaintiff's failure to file a motion to restore within four months of the date that the plaintiff withdrew its action. It is undisputed that the plaintiff did not file such a motion. The plaintiff nevertheless claims that its case was properly restored to the docket because "[t]he court in effect granted [its] withdrawal of the withdrawal, construing it as a motion to restore, on September 19, 2013." In support of this argument, the plaintiff relies upon the trial court's interpretation of a notation on the "computer printout" of the case that provided, "erase all higher keypoint dates." On the basis of that notation, the trial court determined that the plaintiff's withdrawal of its action had been erased and that the plaintiff's action had been restored to the docket when the plaintiff filed the withdrawal of its withdrawal of its action. The court's determination that the notation on the computer printout constituted an erasure of the plaintiff's withdrawal of its action and the restoration of its action to the docket finds no support in the record. The record also does not reveal that the court took any

action whatsoever on the plaintiff's withdrawal of the withdrawal of its action, or that the court ever informed either party that the matter had been restored.[4]

The defendant also claims that the court erred in finding that there had been "activity in the case by both sides" following the filing of the plaintiff's withdrawal of the withdrawal of its action, and that, based upon our Supreme Court's ruling in *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 276 Conn. 168, that activity had implicitly restored the plaintiff's case to the docket. In *Rosado*, our Supreme Court upheld the granting of a third party's motion to intervene, filed by The New York Times, in cases that had been settled and withdrawn approximately one year prior to the filing of the motion to intervene. Id., 172–73. Our Supreme Court reasoned that, "if the trial court had been required to grant a motion to restore the case to the docket before [acting on the motion], we can only regard [the court's] actions as the functional equivalent of the granting of such a motion. . . . [T]he [trial] court exercised direct authority over the [withdrawn] cases, which had the same effect as restoring those cases to the docket." (Citation omitted; internal quotation marks omitted.) Id., 198. "In other words, the [trial] court considered the . . . motion [to intervene] on its merits, just as it would have done had the [third party] filed, and the court granted, a motion to restore the [withdrawn] cases to the docket." (Internal quotation marks omitted.) Id., 199. Our Supreme Court concluded that "the actions of the trial court reasonably cannot be treated as anything other than the restoration of the withdrawn cases to the docket." Id., 200–201.

The court's reliance on *Rosado* in this case is misplaced. The plaintiff argues that, after it filed the withdrawal of the withdrawal of its action, the court "exercised direct authority over the [case]"; *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 276 Conn. 198; when it considered its motion for nonsuit and motion to dismiss. Those pleadings, however, were not filed in furtherance of the plaintiff's action but, rather, were filed in defense of the defendant's counterclaim. The plaintiff failed to file any pleading in furtherance of *its* action from the time it filed the withdrawal of the withdrawal of its action on September 19, 2013, until two years later, in March, 2015, when the case appeared on the dormancy calendar. Even then, the plaintiff did not file any motion that required the court's action, and the court thus did not take any action, that reasonably could have been construed as implicitly restoring the plaintiff's action to the docket. In the absence of any such action, or a timely filed motion to restore, we conclude that the court abused its discretion in restoring the plaintiff's case to the docket.

The judgment on the plaintiff's complaint is reversed and the case is remanded with direction to sustain the

defendant's objection to the plaintiff's withdrawal of the withdrawal of its action.

In this opinion the other judges concurred.

[1] The court's May 6, 2015 notice presumably was prompted by the pretrial held on that date.

[2] The court also denied the plaintiff's motion to dismiss the defendant's counterclaim. That ruling has not been challenged on appeal.

[3] It is well settled that a trial court has "jurisdiction . . . to restore to the active docket a case which has been voluntarily withdrawn, just as it can open a judgment or restore to the docket a case which has been erased." *Lusas* v. *St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166, 170, 193 A. 204 (1937).

[4] The hearing on this issue was not evidentiary and consisted only of argument by counsel. Although not evidence, we note the explanation of the notation on the computer printout that was offered by counsel for the defendant. Counsel argued that when the plaintiff filed the withdrawal of its action, the court closed the entire case, including the defendant's counterclaim. Counsel indicated that he went to the clerk's office to explain that the withdrawal pertained only to the plaintiff's action and not to the defendant's counterclaim, and that the entire case should therefore not have been closed. According to counsel, the clerk agreed and entered the notation on the printout, reinstating the counterclaim to the docket. We stress that we do not credit arguments made by counsel as evidence, but merely mention this argument as an example of an alternative explanation that could be ascribed to that electronic notation and the lack of any evidentiary support as to its actual meaning in the record.

————————————————